**Lee Vernice JACKSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–97–00377–CR.**

Court of Appeals of Texas,
Dallas.

July 30, 1999.

Terri Hamby, Attorney at Law, Richardson, for Appellant.

April E. Smith, Mesquite, for State.

Before Justices KINKEADE, BRIDGES, and ROACH.

## OPINION

Opinion By Justice KINKEADE.

Lee Vernice Jackson appeals from his bench trial conviction of criminal trespass. The court assessed punishment at six months' confinement in the county jail, probated for one year, and a $400 fine. In six points of error, Jackson claims that the evidence is legally and factually insufficient to support his conviction. Because the evidence is sufficient, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 8, 1996, Tom Martinez noticed two men walking from the back to the front of the house at 439 Elliston Street. No one was living in the house, which was being remodeled. The two men pulled an air conditioner out of a window of the house and laid it on the sidewalk. They got into a car and left when Martinez asked what they were doing. Martinez took their license plate number and called the police.

About thirty minutes later, Jackson parked his car near the air conditioner. Martinez testified that Jackson was not one of the men who removed the air conditioner from the house. There was a television in the back of Jackson's car. Jackson got out of his car. Shortly thereafter, the police arrived and talked to him. Jackson was later indicted for the offense of burglary of a building.

Jenny Webb, who was leasing the house, identified both the air conditioner and the twenty-five-inch Sears television, which had a dent in the top, as her property. Webb testified that the television was in the den and that someone would have had to have entered the house in order to get the television outside. Webb testified that she had left the back door of the house closed and locked, but after the offense, it was open and the sidings and rail were broken off. There is a fence around the back of the house.

At trial, Jackson claimed the television belonged to him. He said he was driving to work through Webb's neighborhood, where he used to live, on his way back from a pawn shop. The pawn shop is located at Interstate 35 and Mannington, and the probation office, where Jackson works, is located on Second Avenue. At trial, Jackson claimed he had been unable to pawn his television because it was ten years old and had a dent in the top. He stopped to look at the air conditioner because he believed it had been abandoned. Jackson denied entering Webb's house and intending to commit or committing theft. Jackson's girlfriend and son both testified that Jackson owned a television with a dent in the top.

Dallas Police Officer William Langston testified that he was familiar with the locations of the pawn shop where Jackson claimed to have been and of Jackson's work. Langston testified that 439 Elliston was not on the route from the pawn shop to the probation office. Jackson would have been headed in the wrong direction because the house is west of the pawn shop, and the probation office is east of the pawn shop.

The trial court convicted Jackson of the lesser included offense of criminal trespass, a class B misdemeanor. The court assessed punishment at six months confinement in the county jail, probated for one year, and a $400 fine.

## LEGAL SUFFICIENCY

■ In his first, third, and fifth points of error, Jackson contends the evidence is legally insufficient to support the criminal trespass conviction. We assess legal sufficiency under the well-known standard of *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), viewing the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. The jury is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. The jury is free to accept or reject all or any part of a witness's testimony. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Dumas v. State,* 812 S.W.2d 611, 615 (Tex.App.—Dallas 1991, pet. ref'd).

■ A person can commit the offense of criminal trespass either on the property of another person or in the building of another person. *See* Tex. Pen.Code Ann. § 30.05(a)(1) (Vernon 1994). Because

Jackson was charged with the offense of burglary of a building, the trial court could not have convicted Jackson of criminal trespass of property because that offense is not included within the proof of burglary of a building. *See Johnson v. State,* 665 S.W.2d 554, 556–57 (Tex.App.—Houston [1st Dist.] 1984, no pet.). Thus, the trial court must necessarily have convicted Jackson of criminal trespass of the house. In his third point of error, Jackson contends the evidence is legally insufficient to prove he entered the house.

Entry can be proven by circumstantial evidence. Entry may be shown by an accused's exclusive, unexplained possession of goods that were previously located in the building, together with independent evidence that the building was recently burglarized. *See Hardesty v. State,* 656 S.W.2d 73, 76–77 (Tex.Crim.App.1983); *Garza v. State,* 841 S.W.2d 19, 22 (Tex. App.—Dallas 1992, no pet.). A defendant must explain his possession of the property when first called upon directly or circumstantially to do so, which could include the time of his arrest.

While Jackson testified at trial that the television belonged to him and that he had tried to pawn it but could not, there is no evidence he offered this explanation to the police at the time he was stopped. Jackson testified he told the police that he thought the air conditioner was abandoned property, but they did not discuss the television. Jackson testified that one of the officers told him at the station they had identified the television, but he did not testify that he told them it belonged to him. Because Jackson did not offer his explanation that he owned the television at the time his possession of it was first challenged, and because the State proved the television belonged to Webb, we conclude the trial court reasonably inferred from Jackson's possession of the television that he entered the house and removed it. *See Garza,* 841 S.W.2d at 23–24 (Thomas, C.J., concurring); *Buchanan v. State,* 780 S.W.2d 467, 469–70 (Tex.App.—Dallas 1989, pet. ref'd). This inference, together with the testimony that the house was recently broken into and burglarized, is legally sufficient to support Jackson's criminal trespass conviction.

Jackson further asserts the evidence of entry is insufficient because the criminal trespass conviction is inconsistent with the trial court's implied finding that he was not guilty of the greater offense of burglary of a building. During argument, the State elected to proceed on the second paragraph of the burglary indictment, which alleged Jackson entered the house without Webb's consent "and did then and there commit and attempt to commit theft." When a trial court finds an accused guilty of what it believes is a lesser included offense, the trial court acquits him of the primary offense. *Sample v. State,* 629 S.W.2d 86, 88 (Tex.App.—Dallas 1981, no pet.). Jackson claims that by finding him not guilty of burglary of a building, the trial court necessarily rejected the State's evidence that he had Webb's television in his car, which is the only evidence that he entered the house.

In effect, Jackson is asking us to find the evidence legally insufficient because the trial court's two verdicts, acquitting him of burglary of a building and convicting him of criminal trespass of a building, are inconsistent. Inconsistent verdicts, however, do not require reversal for legal insufficiency. *Dunn v. United States,* 284 U.S. 390, 393–94, 52 S.Ct. 189, 76 L.Ed. 356 (1932). The conclusion does not necessarily follow that the factfinder has decided to convict a defendant on insufficient evidence when it renders inconsistent verdicts. The factfinder may simply be exercising its desire to be lenient, or executing its own brand of executive clemency. Because the State is precluded by double jeopardy from appealing an acquittal, it is unclear who benefits from inconsistent verdicts. Even where an inconsistent verdict might have been the result of compromise or mistake, the verdict should

not be upset by appellate speculation or inquiry into such matters. *United States v. Powell,* 469 U.S. 57, 64–67, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984); *Moranza v. State,* 913 S.W.2d 718, 724 (Tex.App.—Waco 1995, pet. ref'd); *Ruiz v. State,* 641 S.W.2d 364, 366 (Tex.App.—Corpus Christi 1982, no pet.). Where truly inconsistent verdicts have been reached, the most that can be said is that the verdict shows, either in the acquittal or the conviction, that the jury did not speak their real conclusions, but such does not show it was not convinced of the defendant's guilt. *Dunn,* 284 U.S. at 393, 52 S.Ct. 189. Accordingly, we are limited to determining whether there is sufficient evidence to support the charge on which a conviction is returned. What the factfinder did with the remainder of the charge is immaterial. *Powell,* 469 U.S. at 67, 105 S.Ct. 471; *Moranza,* 913 S.W.2d at 724; *Ruiz,* 641 S.W.2d at 366.

Most of the cases in this area involve inconsistent jury verdicts on multi-count indictments, or separate, but factually related, crimes. While we can find no Texas or federal case applying the *Dunn* rule to a trial court's verdict acquitting a defendant of a greater offense and, apparently, inconsistently convicting him of a lesser included offense, we find the reasoning of *Dunn* and its progeny equally applicable. In *Harris v. Rivera,* 454 U.S. 339, 102 S.Ct. 460, 70 L.Ed.2d 530 (1981), the Supreme Court applied *Dunn* to a judge's verdict. The Court held that the defendant could not obtain habeas corpus relief on the basis of inconsistent verdicts rendered after a state bench trial because an apparent inconsistency in a trial judge's verdict does not give rise to an inference of irregularity. *Rivera,* 454 U.S. at 346–48, 102 S.Ct. 460. The Court again reaffirmed the *Dunn* rule in *Powell,* holding that the jury's acquittal of the defendant on the predicate offenses of conspiracy to possess cocaine and possession of cocaine did not require a finding of insufficient evidence to support the defendant's conviction of the compound felony count of using the telephone to facilitate those offenses. *Powell,* 469 U.S. at 67–69, 105 S.Ct. 471. The facts of *Powell* are analogous to the greater offense-lesser offense scenario presented in this case. Applying the *Dunn* rule, we conclude the apparent inconsistency in the trial court's verdicts does not affect the sufficiency of the evidence to support Jackson's criminal trespass conviction. We overrule Jackson's third point of error.

In his first point of error, Jackson contends the evidence is legally insufficient to prove his guilt as a party because the evidence did not connect him to the two men who removed the air conditioner from the house. We have already determined the evidence is legally sufficient to support Jackson's conviction of criminal trespass as a principal, so we overrule his first point of error.

In his fifth point of error, Jackson contends the evidence is legally insufficient to prove he had notice that entry into the house was forbidden. The criminal trespass statute, however, defines notice as "fencing or other enclosure obviously designed to exclude intruders or to contain livestock." Tex. Pen.Code Ann. § 30.05(b)(2)(B) (Vernon Supp.1999). Both Webb and Martinez testified there was a fence around the back area of the house. Further, the house itself inherently gave sufficient notice because it was an enclosure obviously designed to exclude intruders. *See Moreno v. State,* 702 S.W.2d 636, 640 n. 7 (Tex.Crim.App.1986). We overrule Jackson's fifth point of error.

## FACTUAL SUFFICIENCY

In his second, fourth, and sixth points of error, Jackson contends the evidence is factually insufficient to support his criminal trespass conviction. In assessing factual sufficiency, we view all the evidence without the prism of "in the light most favorable to the prosecution." *Clewis v. State,* 922 S.W.2d 126, 133 (Tex.Crim.App. 1996); *see also Cain v. State,* 958 S.W.2d 404, 407 (Tex.Crim.App.1997). Neverthe-

less, we must appropriately defer to the findings of the trier of fact so as to avoid substituting our judgment for that of the factfinder. *See Clewis,* 922 S.W.2d at 135. The purpose of our review is only to prevent a manifestly unjust result. We are not free to set aside a trier of fact's determination because we feel a different result is more reasonable. *See id.; see also Cain,* 958 S.W.2d at 407. The weight to be given conflicting testimony is within the sole province of the factfinder because it turns on the factfinder's perceptions of the witnesses' credibility and demeanor. *Cain,* 958 S.W.2d at 408–09. We will reverse a case for factual insufficiency only if the factfinder's determination is "against the great weight of the evidence presented at trial so as to be clearly wrong and unjust." *Clewis,* 922 S.W.2d at 135.

Jackson claims the evidence is factually insufficient in the same respects he claims it is legally insufficient: entry, his status as a party, and notice. Jackson asserts the evidence is factually insufficient to prove he entered the house because his testimony that the television belonged to him and that he was looking at the air conditioner because he believed it to be abandoned contradicted the testimony of the State's witnesses. We must defer to the trial court's resolution of the conflicts in the testimony. *See Scott v. State,* 934 S.W.2d 396, 399 (Tex.App.—Dallas 1996, no pet.); *Van Zandt v. State,* 932 S.W.2d 88, 96 (Tex.App.—El Paso 1996, pet. ref'd). Jackson's possession of Webb's television, together with the evidence that the house had recently been broken into, was factually sufficient to prove his entry into the house.

Jackson also claims the evidence is factually insufficient to prove he acted as a party and that he had notice. As we previously stated, the evidence is sufficient to support Jackson's conviction as a principal, and the State did not rely on the law of parties. The fence, and the house itself, satisfied the statutory notice requirement. We overrule Jackson's second, fourth, and sixth points of error.

We affirm the judgment of the trial court.