NUMBER 13-99-378-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


HENRY ALAFFA A/K/A JASON LUNA
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 105th District Court


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Chief Justice Seerden



 This is an appeal from the judgment of conviction rendered against
Henry Alaffa (a/k/a Jason Luna), appellant, for engaging in organized
criminal activity to commit murder.(1) Appellant was charged with two
felony counts stemming from the shooting death of Louis Luna. In
count one, appellant was charged with Luna's murder; count two
provided that "on or about August 10, 1998 . . . [appellant] did then and
there with the intent to establish, maintain, or participate in a
combination, to wit: the combination consisting of [appellant and four
others], to cause the death of an individual, Louis Luna, by shooting
Louis Luna with a firearm." The jury acquitted appellant on the murder
charge, but found appellant guilty of engaging in organized criminal
activity to commit murder. 

 By his first issue, appellant contends that his acquittal on the
murder charge necessarily negates an essential element of what he
terms "the conspiracy charge," in that it disproves that he performed
the overt act of shooting the victim. Inconsistent verdicts do not require
reversal for legal insufficiency. Jackson v. State, 3 S.W.3d 58, 60 (Tex.
App.--Dallas 1999, no pet.) (citing Dunn v. United States, 284 U.S. 390,
393-94 (1932)). So long as there is sufficient evidence to support the
conviction, what the fact finder did with the remainder of the charge is
immaterial. Jackson, 3 S.W.3d at 62 (citing United States v. Powell,
469 U.S. 57, 64-67 (1984); Ruiz v. State, 641 S.W.2d 364, 366 (Tex.
App.--Corpus Christi 1982, no pet.)). 

 We begin a factual sufficiency review with the assumption that the
evidence is legally sufficient to support the judgment. See Clewis v.
State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996) (citing Jackson v.
Virginia, 443 U.S. 307, 315-16, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). 
We then look to all of the evidence in the record to determine if the
verdict is "against the great weight of the evidence presented at trial so
as to be clearly wrong and unjust." Id. at 135. 

 Here, the evidence against appellant consists primarily of the
testimony of two of appellant's co-conspirators. Their testimony is
corroborated by a confessional letter written by appellant to his
grandmother. The two witnesses, Mungia and Contreras, each testified
that he saw appellant shoot the victim with an SKS assault rifle. They
each testified that superiors in the Raza Unida prison gang (to which
appellant, Mungia, and Contreras each belonged) ordered appellant to
shoot the victim. The State introduced the letter written to appellant's
grandmother. In the letter, appellant confessed that he had killed
someone and that he hoped his punishment would be light. The State
also introduced an SKS assault rifle. Both Mungia and Contreras
averred that the rifle was the same one appellant used to shoot the
victim. Mungia testified that he could identify the rifle by scratch marks
near its butt. While Contreras's testimony was much more equivocal
and was rooted in hearsay, he nevertheless stated that the State's
exhibit was the rifle he had seen appellant wield. Finally, the State
introduced several bullets which were recovered from the victim's body. 
A ballistics expert testified that the bullets matched the weapon
identified by Contreras and Mungia and introduced by the State. 

 After hearing this evidence, the jury found appellant guilty. That
conclusion is not against the great weight and preponderance of this
evidence. Appellant's first issue is overruled. 

 By his second issue, appellant contends the trial court erred in
instructing the jury that it could find him guilty of one offense but not
of the other. Appellant's counsel did not object to this alleged error. 
Thus, appellant must demonstrate that the error is fundamental to
warrant reversal. See Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1984). Because we conclude that the evidence supports a
conviction of one charge and not the other, the court's instruction is
consistent with the two charged crimes being separate offenses with
different elements. See Ex parte Brosky, 863 S.W.2d 783, 788 (Tex.
App.--Fort Worth 1993, no pet.). Accordingly, we conclude that the
trial court did not err in giving the now-objected to instruction. 
Appellant's second issue is overruled. 

 The judgment of the trial court is AFFIRMED.





 ROBERT J. SEERDEN, Chief Justice

Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 29th day of December, 2000.

 

1. Tex. Penal Code Ann. § 71.02(a)(1) (Vernon 2000).