Affirmed and Memorandum Opinion filed September 4, 2003









Affirmed and Memorandum Opinion filed September 4,
2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00568-CR

____________

 

KIM A. CROIL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County Court at Law Number
Two

Fort Bend County, Texas

Trial Court Cause No. 95494

 



 

M
E M O R A N D U M   O P I N I O N

A
jury found appellant guilty of misdemeanor criminal trespass, and the trial
court assessed punishment at one-hundred-eighty days=
confinement, probated for twelve months. 
Appellant now argues that (1) the State provided legally insufficient
evidence for her conviction, and (2) the trial court failed to grant a mistrial.  We affirm.

FACTUAL
AND PROCEDURAL BACKGROUND








Appellant
visited a Target store to return two items that she previously purchased with a
Visa gift card.  When appellant returned
the items, the supervisor informed her that she would not obtain an immediate
credit on her cardCinstead, the credit would take Aseven
to ten days@ to process.  Appellant appeared to accept this resolution,
and appellant and her daughter continued shopping.  Minutes before the store was about to close,
appellant attempted to make new purchases using the same Visa gift card.  Due to difficulties, the cashier summoned the
supervisor.  He again informed appellant
she could not use that particular card, and the credit would take seven to ten
days before it appeared on her card.  She
became irrate and began phoning various customer
service departments.  The store manager
informed appellant the store was closing, and he would attempt to assist her on
another day, or she would need to make her purchases using another form of
payment.  Appellant warned the manager
she would not leave until the manager rectified the situation.  Other employees approached appellant and
asked her to leave, but again she refused. 
The store manager called the police. 
The police arrived shortly, repeatedly asked her to leave, and
eventually escorted her out of the store. 

While
outside the store, the officers questioned appellant and her daughter.  Unbeknownst to anyone but Officer Gamble, a
camera and microphone attached to his patrol car recorded the discussion
between appellant and the officers. 
Before trial, appellant=s attorney requested all audio and
video electronic recordings made at or near the time of the arrest.  Because Officer Gamble had taken the tapes to
the police department=s professional standard division
shortly after appellant=s arrest, the tapes were not turned
over by the State.[1]  At trial, the officer alluded to the tapes
and appellant objected.  The trial court
recessed so that Officer Gamble could retrieve the tapes.  He did, and appellant admitted the tapes in
evidence.

 

 








DISCUSSION

Appellant
raises two issues on appeal.  First,
appellant contends the State did not provide legally sufficient evidence for a
conviction.  Second, appellant argues the
trial court failed to grant a mistrial.

I.       Legal Sufficiency

In
reviewing the legal sufficiency of the evidence to support a conviction, we
view the evidence in the light most favorable to the judgment.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Narvaiz v. State, 840 S.W.2d
415, 423 (Tex. Crim. App. 1992).  The critical inquiry is whether, after
viewing the evidence, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Emery v. State, 881 S.W.2d
702, 705 (Tex. Crim. App. 1994).  AThe jury is the exclusive judge of
the credibility of the witnesses and the weight to be given their testimony.@  Jackson v. State, 3 S.W.3d 58, 60 (Tex. App.CDallas
1999, no pet.).

A
person commits the offense of criminal trespass if (1) he remained on another=s
property without effective consent, and (2) he received notice to depart but
failed to do so.  Tex. Pen. Code Ann. ' 30.05(a).  Notice includes oral or written communication
by the property owner or a person with apparent authority to act for the
owner.  Tex.
Pen. Code Ann. ' 30.05(b)(2)(a).  Here, a supervisor testified the store closed
at midnight.  He repeatedly informed
appellant she must leave the store, and she continually refused.  The store manager testified appellant did not
have consent to remain on the property, and the evidence established the store
manager asked appellant to leave several times. 
Officer Gamble testified that he asked appellant to leave the store Athree
or four@
times, but appellant refused.  Appellant
remained in the store without consent after repeated notice to depart.  Sufficient evidence existed for a jury to
conclude appellant committed criminal trespass. 
We overrule appellant=s first issue.

 








II.      Mistrial

Next,
appellant argues the trial court erred by not granting a mistrial.  She claims a mistrial should have been
granted because the State failed to produce an audio/videotape of appellant and
one of the police officers.  However, as
we explain below, appellant has waived the right to complain of this.

At
trial, while one of the police officers arresting appellant testified, it
became apparent that an additional VHS tape with audio existed.  Neither the prosecutor nor the defense lawyer
knew about the tape.  After defense
counsel learned of the tape, he moved for a mistrial and asked that the officer=s
testimony be stricken.  The trial court
responded, AI=m going to deny that mistrial at
this time.@ 
When defense counsel asked about the officer=s
testimony, the court replied, AI=m not ready to make a ruling on
that.  I=m going to find out where the tape
is.@


The
court did, after contacting some number of police officers, locate the
tape.  It was in the possession of an
officer in the internal affairs division, and had been since the incident.  When the tape was found, appellant, the
court, and the lawyers watched the video and listened to the audio; the record
is unclear on this, but it appears that the audio and video were separate.

After
hearing the tape, the lawyersCincluding defense counselCdiscussed
deleting a portion of the tape in which one of the police officers mentioned
filing assault and other charges against appellant.  Clearly, they were preparing the tape to be
introduced to the jury.  After hearing
the audio and seeing the video, defense counsel did not re-urge his motion for
mistrial.

When
court resumed the following morning, the court asked both parties if they had
enough time to review the tapes.








THE COURT:           Folks, the video and the audio tape that was provided to
us by Sergeant  ... Faucett
yesterday afternoon has been viewed by the Court, and I will ask has the State
now had ample time to view ... and hear both the audio and the videotape that
was provided to us by Sergeant Faucett [?]

[PROSECUTOR]:    Yes, sir.

THE COURT:           Has the Defendant?

[DEFENSE 

COUNSEL]:              Yes, your Honor.

THE COURT:           Okay.  We=re at the stage right now, I believe, where Mr. Gamble is
on the witness stand.  I believe we were
into your cross-examination, Mr. Norris, and you had just asked something that
led to the discovery of the cassette and the tape and we took up yesterday
afternoon to get hold of the tape and the video and we now have it in our
possession.  We have all viewed it.  All right. 
I=m
ready to bring the jury in as soon as Ed tells me they=re here.

[PROSECUTOR]:    Actually, I would make an oral motion in limine
to refrain opposing counsel from making any statements, remarks, or anything to
do about these tapes that we just now have or any matters, remarks, or
statements concerning pretrial motions or discovery or anything of that nature,
Judge.

THE COURT:           You understand that motion?

[DEFENSE]: Yes, your Honor.

THE COURT:           This does not preclude you at this point from introducing
the tape, either the audio or video, does not preclude you from asking
questions about the tape of this witness or any other witness; just not mention
that it was not brought forth pursuant to your motion for production is basically
what the motion in limine is.

[PROSECUTOR]:    Right, Judge, I just don=t want the juryCto inflame the jury or prejudice the jury that the State
is hiding evidence or we didn=t give this to him.

THE COURT:           You understand where he is coming from, [defense
attorney]?

[DEFENSE]: Yes, your Honor.

THE COURT:           You can reply.








[DEFENSE]: I believe that=s
proper for me not to mention, you know, to intimate something about discovery
orders not being followed.  I will
approach the Bench on that.

THE COURT:           That=s
fair enough, but what I=m
doing is I=m
going to give you wide latitude nowCyou better listen to meC

[DEFENSE]: Yes, your Honor.

THE COURT:           Cinstead
of listening to your client at this stage. 
You can talk to her later.  I=m going to give you wide latitude, as I just said awhile
ago in asking questions about the tape of any of the witnesses that either you
produce or the State produces or on cross-examination.  At this stage of the game and of the trial, I
have not ruled on whether or not the tape is admissible, but I will if it=s ever offered. 
And at this point, it has not been offered; and if it is offered I want
that done in front of the jury.  Okay?

[DEFENSE]: Yes, your Honor.

. 
.  .

[DEFENSE]: The Defendant is ready.

THE COURT:           All right, Officer Gamble, you are still on the witness stand
and you are still under oath. [Defense Attorney] you may continue your cross
examination.

[DEFENSE Q.]:        Officer Gamble, then you did make a tape recording of the
incident that was recorded on your video camera with the audio portion, right?

A.        That=s correct.

Q.        And
we did have a chance yesterday to review that, right, so that you know that it=s here in the courtroom, that videotape?

A.        I
would assume it is, yes, sir.

(Marked as Defendant=s Exhibit No. 1.)

Q.        Officer
Gamble, is that your videotape?

A.        Yes, it
is.

[DEFENSE]: At this time we would like toCI don=t know if it=s rewound or not.

THE COURT:           You are offering Defendant=s Exhibit No. 17[?]

[DEFENSE]: Yes, your Honor.








THE COURT:           Any objection?

[PROSECUTOR]:    No objection.

THE COURT:           Defendant=s 1 will be admitted.

(Defendant=s Exhibit No. 1 admitted.)

[DEFENSE]: May we publish this to the jury right now?

THE COURT:           Yes, you may.    

This
part of the record reveals four things. 
First, the trial court initially denied the request for mistrial but
made it clear that he might reconsider later. 
Second, defense counsel agreed that the State did not purposefully hide
the tape and also agreed not to make the jury believe the State had improperly
refused to produce the tape.  Third,
defense counselCnot the StateCintroduced
the audio and video tapes into evidence. 
Fourth, although defense counsel also asked the court to exclude the
officer=s
testimony, he continued cross-examining the officer, using him to explain what
happened on the video.  On this record,
having agreed, without reservation, to move forward with trial, and having
introduced the evidence himself and having agreed that the prosecutor did not
act improperly, defense counsel clearly abandoned his motion for mistrial and
waived any right to object on appeal.  We
overrule the second issue.

Having
overruled both of appellant=s issues, we affirm the judgment of
the trial court. 

 

 

/s/        Wanda
McKee Fowler

Justice

 

Judgment rendered and Memorandum
Opinion filed September 4, 2003.

Panel consists of Chief Justice Brister and Justices Fowler and Edelman.

Do Not Publish C
Tex. R. App. P. 47.2(b).











[1]  Apparently,
appellant made a complaint against one of the officers during the arrest.  These two tapes were used in reviewing the
officer=s actions by the police department.