NO. 07-06-0100-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 25, 2006

______________________________

ARDELL NELSON, JR., APPELLANT

V.

JOE NUNN, ET AL., APPELLEE

_________________________________

FROM THE 47
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 91,638-A; HONORABLE HAL MINER, JUDGE

_______________________________

Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

On March 22, 2006, appellant filed his notice of appeal with the trial court clerk.  By letter dated May 9, 2006, this court’s clerk notified appellant that no timely affidavit of indigence or filing fee had been received, and that failure to pay the filing fee within ten days from the date of the letter could result in dismissal of the appeal. Tex. R. App. P. 42.3(c); 
see 
Tex. R. App. P. 5. 

On May 19, 2006 appellant filed an incomplete federal district court form
 “Application to Proceed in Forma Pauperis.” This document cannot be given effect because it fails to address each of the matters required by Rule of Appellate Procedure 20.1(b), and was not filed within the time permitted by Rule 20.1(c).  
Holt v. F.F. Enterprises
, 990 S.W.2d 756, 758 (Tex.App.–Amarillo 1998, pet. denied).  Accordingly, this appeal is dismissed. Tex. R. App. P. 42.3(c).

James T. Campbell

        Justice

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 251
ST
 DISTRICT COURT OF POTTER COUNTY;

NO. 55,146-C; HON. ANA ESTEVEZ, PRESIDING

_______________________________

On Motion for Rehearing

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is the motion of Joe Christian Salazar for rehearing.  He contends that we erred in concluding that he was not entitled to an instruction on the purported lesser-included offense of criminal trespass.  Our mistake allegedly occurred when we said that the indictment failed to aver or contain facts illustrating that he knew entry into the habitation was forbidden.  These particular allegations were inherently part of the indictment, he continues, because the instrument accused him of entering a “habitation.”  Furthermore, several opinions he cited supposedly support the proposition that “a 
habitation
 is 
in itself
 an allegation that [the accused] knew entry was forbidden.”  (Emphasis in original).  The two opinions mentioned are 
Grissam v. State
, No. 02-06-0422-CR, 2007 Tex. App. 
Lexis
 6843 (Tex. App.–Fort Worth, August 24, 2007, pet. granted) and 
Jackson v. State
, 3 S.W.3d 58 (Tex. App.–Dallas 1999, no pet.).  We overrule the motion.

Both 
Grissam
 and 
Jackson
 state that for which appellant cites them.  Moreover, the older of the two, 
i.e. Jackson
, refers readers to 
Moreno v. State
, 702 S.W.2d 636 (Tex. Crim. App. 1986), which also suggests that by proving the accused entered a “habitation,” the State implicitly establishes that the accused knew entry was forbidden.  
Moreno v. State
, 702 S.W.2d at 640 n.7.
(footnote: 1)  Yet, we cannot ignore an important circumstance present in those cases which is missing here.  
Grissam, Jackson
, and 
Moreno
 each involved a trial wherein someone presented evidence describing the “habitation” and illustrating that it was a structure with walls, closed doors, locks, and the like.  
See e.g. Grissam v. State
, 2007 Tex. App. 
Lexis
 6843 at *2 (in which the home had a closed back door with a peephole and metal screen door); 
Jackson v. State,
 3 S.W.3d at 60 (in which the home had a back door that was closed and locked with a fence around the back); 
Moreno v. State
, 702 S.W.2d at 637 (in which the trailer house had doors and windows that were locked and secured).  From that evidence, one could reasonably deduce that the structure at issue was built in a way that prevented those standing outside from entering.  Given that, a factual basis existed to support the rather broad conclusion uttered in each opinion, 
i.e.
 that a habitation in and of itself gives notice that entry is forbidden.

Yet, such information is missing from the indictment at bar and, that is what we look to after 
Hall
.  It said nothing about how the “habitation” Salazar burglarized was built or how it looked.  Nor did the averments in the documents indicate whether the edifice was surrounded by fencing, constructed with walls, enclosed by doors with locks, or even had other structural qualities preventing people from entering.  And, while experience suggests that most “habitations” have such characteristics, that may not be true in all cases.  For instance, though a tent may fall within the definition of a “habitation,” the nature of its construction, appearance, and use may fall short of implying that others were not to enter.

Or, we note that the legislature defined a building to be an “enclosed structure.”  
Tex. Pen. Code Ann.
 §30.01(2) (Vernon 2003).  Yet, the word “enclosed” was not used to modify the word “structure” when defining a “habitation.”  
Id.
 at §30.01(1).  Thus, it is arguable that some “structure” could be a “habitation” even though it had no walls so long as it was otherwise “adapted for the overnight accommodation of persons.”  
Id
.  And if such a structure was to exist, we question whether its open appearance would suffice in providing onlookers with notice that their entry was forbidden simply because someone made it suitable for inhabiting overnight.

Admittedly, these examples are somewhat extreme.  But, they nonetheless depict situations in which the mere use of the word “habitation” in the indictment could fall short of inherently indicating that the accused knew his entry was forbidden.  Because of that, we stop short of taking a rule adopted from a trial setting and applying it to a setting wherein only minimal and conclusory words of an indictment are to be perused.  This is not to say that the wording of an indictment may not be sufficient to allege that the accused knew his entry was forbidden.  Such verbiage or factual recitations may indeed be included by the State in the charging instrument.  We simply hold that the question should be decided on a case-by-case basis, and that simply describing the structure as a “habitation” does not 
ipso facto
 suffice.

Brian Quinn

          Chief Justice

Publish.

FOOTNOTES
1: