NO. 07-07-0012-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 6, 2007



______________________________




IN THE INTEREST OF T.L.B., A CHILD



_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 70,963-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 By the entry of an Order of Termination, signed December 14, 2006, the trial court
terminated the parental rights of the Appellant, Channon Michelle Adams, to her child,
T.L.B. Appellant perfected this accelerated appeal by filing a pro se notice of appeal on
December 11, 2006. The District Clerk inadvertently failed to note that this appeal was
separate and distinct from an appeal filed in a companion case, Cause No. 07-06-0477-CV, styled In the Interest of A.T.D., resulting in the late filing of the clerk's record on
February 15, 2007. The reporter's record having been previously filed, Appellant's brief
was, therefore, originally due on Wednesday, March 7, 2007. On March 14, 2007,
Appellant filed a Motion For Extension of Time to File Appellant's Brief, which motion was
granted thereby extending the deadline for the filing of Appellant's brief until the earlier of
twenty days following the filing of a supplemental reporter's record or April 13, 2007. 
Appellant did not seek an extension of this deadline; however, the reporter did request an
extension of time to file the supplemental reporter's record. The reporter's request was
granted on April 17, 2007, extending the deadline for filing the supplemental reporter's
record until May 15, 2007. At the same time, this Court sua sponte extended the deadline
for filing Appellant's brief until 20 days following the filing of the supplemental record. The
supplemental record was filed on May 15, 2007, making Appellant's brief due on Monday,
June 4, 2007. On June 11th this Court again notified Appellant that unless the brief, or a 
response reasonably explaining Appellant's failure to file a brief, were filed on or before
June 21, 2007, the appeal would be subject to dismissal for want of prosecution without
further notice pursuant to Rules 38.8(a)(1) and 42.3(b) of the Texas Rules of Appellate
Procedure. To date this Court has received neither a brief nor another request for
extension of time to file Appellant's brief. 

 Having failed to meet any of the four previous deadlines for the filing of Appellant's
brief, the appeal is dismissed.


 Per Curiam



160;                                                                                       Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 55,146-C; HON. ANA ESTEVEZ, PRESIDING
_______________________________

On Motion for Rehearing
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Pending before the court is the motion of Joe Christian Salazar for rehearing. He
contends that we erred in concluding that he was not entitled to an instruction on the
purported lesser-included offense of criminal trespass. Our mistake allegedly occurred
when we said that the indictment failed to aver or contain facts illustrating that he knew
entry into the habitation was forbidden. These particular allegations were inherently part
of the indictment, he continues, because the instrument accused him of entering a
“habitation.” Furthermore, several opinions he cited supposedly support the proposition
that “a habitation is in itself an allegation that [the accused] knew entry was forbidden.” 
(Emphasis in original). The two opinions mentioned are Grissam v. State, No. 02-06-0422-CR, 2007 Tex. App. Lexis 6843 (Tex. App.–Fort Worth, August 24, 2007, pet. granted) and
Jackson v. State, 3 S.W.3d 58 (Tex. App.–Dallas 1999, no pet.). We overrule the motion.
          Both Grissam and Jackson state that for which appellant cites them. Moreover, the
older of the two, i.e. Jackson, refers readers to Moreno v. State, 702 S.W.2d 636 (Tex.
Crim. App. 1986), which also suggests that by proving the accused entered a “habitation,”
the State implicitly establishes that the accused knew entry was forbidden. Moreno v.
State, 702 S.W.2d at 640 n.7.


 Yet, we cannot ignore an important circumstance present
in those cases which is missing here. Grissam, Jackson, and Moreno each involved a trial
wherein someone presented evidence describing the “habitation” and illustrating that it was
a structure with walls, closed doors, locks, and the like. See e.g. Grissam v. State, 2007
Tex. App. Lexis 6843 at *2 (in which the home had a closed back door with a peephole and
metal screen door); Jackson v. State, 3 S.W.3d at 60 (in which the home had a back door
that was closed and locked with a fence around the back); Moreno v. State, 702 S.W.2d
at 637 (in which the trailer house had doors and windows that were locked and secured). 
From that evidence, one could reasonably deduce that the structure at issue was built in
a way that prevented those standing outside from entering. Given that, a factual basis
existed to support the rather broad conclusion uttered in each opinion, i.e. that a habitation
in and of itself gives notice that entry is forbidden.
          Yet, such information is missing from the indictment at bar and, that is what we look
to after Hall. It said nothing about how the “habitation” Salazar burglarized was built or how
it looked. Nor did the averments in the documents indicate whether the edifice was
surrounded by fencing, constructed with walls, enclosed by doors with locks, or even had
other structural qualities preventing people from entering. And, while experience suggests
that most “habitations” have such characteristics, that may not be true in all cases. For
instance, though a tent may fall within the definition of a “habitation,” the nature of its
construction, appearance, and use may fall short of implying that others were not to enter.
          Or, we note that the legislature defined a building to be an “enclosed structure.” 
Tex. Pen. Code Ann. §30.01(2) (Vernon 2003). Yet, the word “enclosed” was not used to
modify the word “structure” when defining a “habitation.” Id. at §30.01(1). Thus, it is
arguable that some “structure” could be a “habitation” even though it had no walls so long
as it was otherwise “adapted for the overnight accommodation of persons.” Id. And if such
a structure was to exist, we question whether its open appearance would suffice in
providing onlookers with notice that their entry was forbidden simply because someone
made it suitable for inhabiting overnight.
          Admittedly, these examples are somewhat extreme. But, they nonetheless depict
situations in which the mere use of the word “habitation” in the indictment could fall short
of inherently indicating that the accused knew his entry was forbidden. Because of that,
we stop short of taking a rule adopted from a trial setting and applying it to a setting
wherein only minimal and conclusory words of an indictment are to be perused. This is not
to say that the wording of an indictment may not be sufficient to allege that the accused
knew his entry was forbidden. Such verbiage or factual recitations may indeed be included
by the State in the charging instrument. We simply hold that the question should be
decided on a case-by-case basis, and that simply describing the structure as a “habitation”
does not ipso facto suffice.

                                                                           Brian Quinn
                                                                          Chief Justice

Publish.