COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS








STEPHEN OROZCO,



 Appellant,



V.



THE STATE OF TEXAS,



 Appellee.
§


 


§


 


§


 


§


 


§


 


 §


 §


No. 08-07-00070-CR




Appeal from the



210th District Court



of El Paso County, Texas 



(TC# 2006ODO4478) 



O P I N I O N

 Stephen Orozco appeals his conviction for three counts of indecency with a child. The
jury assessed punishment at 12 years' imprisonment for the indecency count involving sexual
contact and 5 years' imprisonment for each indecency count involving exposure. The sentences
are to be served concurrently. Appellant raises four issues for our review. We affirm.

 The complaining witness in this case, A.H., was seven-years-old at the time he alleged
Appellant abused him. According to the child's testimony, on March 16, 2006, Appellant was
spending time with his mother and sister in the family's home. When A.H.'s mother fell asleep
on the couch, Appellant touched the boy's genitals. Appellant then told A.H. to go to his room. 
He instructed A.H. to undress and lie down, at which point A.H. testified that Appellant knelt
down and began performing oral sex on him. Appellant then told A.H. to go to the bathroom,
where Appellant made the child touch his own genitals. Finally, Appellant instructed A.H. to
kneel on the toilet, where Appellant rubbed lotion on A.H.'s backside and inserted his fingers in
the child's rectum.

 While A.H. was still kneeling on the toilet, his stepfather arrived home and found
Appellant in the bathroom with the child. The child's stepfather testified that Appellant had a
bottle of lotion in his hand when he opened the bathroom door. He also noticed that Appellant's
pants were undone and that he had an erection. A.H.'s mother pushed the bathroom door open
when she heard Appellant yelling denials at A.H.'s stepfather. She also testified that Appellant's
pants were unbuttoned, and that Appellant had an erection. She pushed her way into the
bathroom, knocked Appellant into the bathtub and removed A.H. from the room. As she carried
A.H. away, she noticed that he had lotion on his bottom. She immediately called 9-1-1.

 As soon as A.H.'s mother carried him away from the bathroom, both parents heard
crashing and falling noises in the bathroom. Appellant broke through the bathroom window and
began running from the house. A few minutes later, an El Paso Police Department motorcycle
patrol officer spotted an individual matching Appellant's description running away from the
house several blocks away. The officer told Appellant to stop and arrested him for evading
arrest.

 Appellant was indicted on September 27, 2006, for four counts of indencey with a child,
and two counts of aggravated sexual assault of a child. The jury convicted Appellant of one
count of indecency with a child by contact (Count V in the indictment), and two counts of
indecency with a child by exposure (Counts I and II in the indictment). In Issues One, Two, and
Three, Appellant argues the evidence is legally and factually insufficient to support his
convictions. In Issue Four, Appellant contends the trial court erred by admitting A.H.'s
testimony because the child was not competent. We will address Issue Four first. 

 In Issue Four, Appellant contends the trial court erred by allowing A.H to testify before
the jury because the record as a whole failed to establish the child's competency. To preserve a
complaint for appellate review, the record must demonstrate that the complaining party presented
the issue to the trial court via a timely request, objection, or motion. See Tex.R.App.P. 33.1. 
The objection must be made with sufficient specificity to inform the trial court of the complaint. 
See id. Rule 33.1 ensures that the trial court had the opportunity to correct its own errors before a
party seeks appellate review. See Vidaurri v. State, 49 S.W.3d 880, 886 (Tex.Crim.App. 2001).
An objection satisfies the specificity requirement by informing the trial judge what the party
wants and why the party believes he is entitled to it. See Lankston v. State, 827 S.W.2d 907, 909
(Tex.Crim.App. 1992). Furthermore, the objection must be made at a time when the trial court is
in a proper position to correct the error. See id.

 Before A.H. began his testimony, the trial court held a short hearing, outside the jury's
presence, to determine the child's competency. The trial judge asked A.H. a number of questions
regarding the child's ability to tell the difference between the truth and a lie, and about the child's
knowledge and expectations about how the trial would proceed. At the end of the interview, the
trial court ruled that A.H. was competent to testify. There is no record that Appellant objected to
the trial court's ruling, or to A.H.'s testimony. Therefore, Appellant did not preserve his
complaint for appellate review. See Tex.R.App.P. 33.1; Martinez v. State, 98 S.W.3d 189, 193
(Tex.Crim.App. 2003). Accordingly, Issue Four is overruled.

 Issues One through Three challenge the legal and factual sufficiency of the evidence in
support of Appellant's convictions. In a legal sufficiency review, we must consider all of the
evidence in a light most favorable to the verdict, and determine whether a reasonable minded
juror could have found the essential elements were proven beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Hooper v.
State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). We must give deference to "'the responsibility
of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts.'" Hooper, 214 S.W.3d at 13.

 In a factual sufficiency review, we consider all the evidence in a neutral light. Roberts v.
State, 220 S.W.3d 521, 524 (Tex.Crim.App. 2007). Evidence is factually insufficient if: (1) the
evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly
unjust; or (2) the evidence supporting the verdict is outweighed by the great weight and
preponderance of contrary evidence, rendering the verdict clearly wrong and manifestly unjust. 
Id. We cannot reverse a conviction under the "clearly wrong" or "manifestly unjust" standards
simply because, based on the quantum of evidence admitted, we would have voted to acquit. 
Watson v. State, 204 S.W.3d 404, 417 (Tex.Crim.App. 2006). Nor can we declare that a conflict
in the evidence justifies a new trial because we disagree with the jury's resolution of the conflict.
Id. A new trial will only be granted when the reviewing court determines, on an objective basis,
that the great weight and preponderance of the evidence contradicts the jury's verdict. Id. In
addition, our review should not substantially intrude upon the fact finder's role as the sole judge
of the weight and credibility given to witness testimony. Johnson v. State, 23 S.W.3d 1, 9
(Tex.Crim.App. 2000); see also Marshall v. State, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006)
(factual sufficiency review still requires "due deference" be given to the jury's determinations).

 Appellant was convicted for indecency with a child. See Tex.Pen.Code Ann. § 21.11(a)
(Vernon 2003). A person commits an offense under Section 21.11(a) if:

 [W]ith a child younger than 17 years and not the person's spouse, whether the
child is of the same or opposite sex, the person


 (1) engages in sexual contact with the child or causes the child to engage in
sexual contact; or 


 (2) with intent to arouse or gratify the sexual desire of any person:


 (A) exposes the person's anus or any part of the person's genitals,
knowing the child is present; or


 (B) causes the child to expose the child's anus or any part of the child's
genitals.


Tex.Pen.Code Ann. § 21.11(a).


 The penal code defines "sexual contact" in Section 21.11 as follows:

 (c) In this section, "sexual contact" means the following acts, if committed
with the intent to arouse or gratify the sexual desire of any person:


 (1) any touching by a person, including touching through clothing, of
the anus, breast, or any part of the genitals of a child; or


 (2) any touching of any part of the body of a child, including touching
through clothing, with the anus, breast, or any part of the genitals
of a person.


Tex.Pen.Code Ann. § 21.11(c).


 In Issue One, Appellant argues that the evidence is legally and factually insufficient to
support the jury's determination that he committed indecency with a child by exposing his
genitals to A.H., a child, on March 16, 2006. Appellant contends that neither A.H., or either of
his parents testified that they witnessed Appellant expose his genitals to the child. However, the
record reflects that A.H. was able to describe what Appellant's genitals looked like, and that
Appellant had the child touch his erect penis. In addition, Appellant's own statement to the
police admitting that he had his "thing" out when A.H.'s stepfather found him in the bathroom
with A.H. Viewing this evidence in a light most favorable to the verdict, we conclude that the
jury could reasonably have concluded that Appellant did expose himself to A.H., and was
therefore, guilty of indecency by exposure. By the same token, taken in a neutral light the
evidence is factually sufficient to support the jury's conclusion that Appellant was guilty of the
offense. Accordingly, Issue One is overruled.

 In Issue Two, Appellant argues the evidence is legally and factually insufficient to
support the jury's determination that Appellant was guilty of indecency with a child by contact
because he caused A.H. to expose his anus as alleged in Count II of the indictment. Appellant
contends that the evidence is insufficient to support the jury's determination that Appellant was
the person who caused A.H. to expose himself, and that the evidence does not support the jury's
finding that Appellant did so intentionally. Appellant also asserts that the evidence is insufficient
to support an affirmative finding that the alleged actions were done for his own sexual
gratification. We disagree.

 A.H. testified that he was instructed to undress and climb on the toilet by the family
friend who he referred to as "Stephen," who was spending time at his home on March 16, 2006. 
The child explained that this individual rubbed lotion on his bottom and inserted his fingers in
A.H.'s bottom. Although A.H. was unable or unwilling to identify Appellant in court as his
abuser, both his parents identified Appellant as the individual who they discovered in the
bathroom with A.H., and as the person who fled from the house after he was discovered with the
child. Furthermore, the combined testimony by A.H. and his parents that Appellant had an
erection during the time he was in the bathroom with the child supports the jury's finding that
Appellant committed the acts for his own sexual gratification. Therefore, having viewed the
record both in the light most favorable to the verdict, and in a neutral light, we conclude that the
evidence is legally and factually sufficient to support the jury's determination that Appellant was
guilty of indecency by causing A.H. to expose his anus. Issue Two is overruled.

 In Issue Three, Appellant argues the evidence is legally and factually insufficient to
support the jury's determination that Appellant was guilty of indecency with a child because he
touched A.H.'s genitals. Appellant contends the verdict cannot stand because it is inconsistent
with the jury's decision to acquit Appellant of three other counts involving sexual contact with
the child, and because neither of A.H.'s parents witnessed Appellant touching the child's
genitals.

 Assuming that the jury's decision to hold Appellant not guilty for sexual assault and one
count of indecency is inconsistent with Appellant's conviction for the remaining indecency
counts, our review is limited to determining whether the evidence is sufficient to support the
charge on which the convictions were returned. See Jackson v. State, 3 S.W.3d 58, 62
(Tex.App.--Dallas 1999, no pet.). What the jury concluded regarding the remainder of the charge
is immaterial to our sufficiency of the evidence review. See id.

 Appellant admits that A.H. did testify that Appellant put his hand in the child's shorts,
and fondled his genitals. A child victim's testimony is sufficient, even without additional
evidence, to support a conviction for indecency. See Perez v. State, 113 S.W.3d 819, 838
(Tex.App.--Austin 2003, pet. ref'd). As the sole fact finder and judge of witness credibility, the
jury was free to believe or disregard any part of the testimony. See Goodman v. State, 66 S.W.3d
283, 286 (Tex.Crim.App. 2001). As the reviewing court, we cannot interfere with the jury's
resolution of conflicts in the evidence, and we must defer to the jury's credibility determinations. 
See Johnson, 23 S.W.3d at 7. Therefore, based on A.H.'s testimony, the evidence was both
legally and factually sufficient to support Appellant's conviction for indecency by touching the
child's genitals. Issue Three is overruled.

 Having overruled all of Appellants issues, we affirm the conviction. 



March 5, 2009

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.

Carr, J. (Not Participating)


(Do Not Publish)