**AFFIRM; and Opinion Filed October 24, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01272-CR

### CODY ALLAN SRADER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-80009-2015**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Fillmore and Brown
Opinion by Justice Brown

Following a bench trial, appellant Cody Allan Srader appeals convictions for continuous sexual abuse of a young child and indecency with a child by contact. In two issues, he challenges the sufficiency of the evidence to support the convictions. We affirm the trial court's judgments.

### BACKGROUND

Appellant was charged by a single indictment with continuous sexual abuse of a young child, indecency with a child by contact, two counts of sexual performance by a child, and two counts of indecency with a child by exposure. The alleged victim was S.S., the daughter of appellant's girlfriend. Appellant waived a jury and pleaded not guilty to all six counts. Before trial, the court granted appellant's motion to suppress evidence of the contents of his computer.

S.S. was ten years old and in fifth grade at the time of trial in September 2015. Appellant lived with S.S.'s family and used the garage as his office or workshop. S.S. testified that there were times when appellant touched her body when he was not supposed to. The first time she remembered him touching her private parts was when she was nine years old. S.S. testified that it happened during the summer of 2014, "[p]robably like later in like July or June." One morning, appellant told her he was going to put aloe vera on her. S.S. indicated she had some bug bites, but did not have any on her private parts. Appellant told her to hurry before her older sister woke up. The incident occurred in S.S.'s mom's room on the bed. S.S. testified appellant put aloe vera on the hole where she goes "No. 2." She stated appellant did this a couple of times. S.S. also stated that appellant put aloe vera on "the front" where she goes "No. 1." S.S. testified that appellant did this more than one time. Appellant used his hands to put on the aloe vera.

S.S. testified that there were "a few more times" when appellant touched her front private part. She said it happened throughout the summer of 2014.

S.S. described another time when appellant made her put her mouth on his private part. Appellant told S.S.'s older sister M.S. that he and S.S. were going to a restaurant, but instead they went to the woods. Appellant made S.S. look at his private part. He told her to put her mouth on his private part and she did. S.S. stated that this incident occurred after appellant had touched her private parts and a couple of weeks before school was to start. S.S. also testified about a time when appellant touched her breasts with his hands.

When S.S. got home from school on the afternoon of September 12, 2014, appellant told her to go in the garage. Appellant made her a drink and had her drink the whole thing. S.S. said the drink tasted weird and made her feel dizzy. When M.S. got home from school, appellant told S.S. to hide in the garage. Then he told her that M.S. had gone to ride her bike, but S.S. saw her sister's bike in the garage. While appellant and S.S. were alone in the garage, appellant made

–2–

S.S. take off her pants and bend down. He looked at her private parts. M.S. eventually found S.S. in the garage with appellant.

On cross-examination of S.S., defense counsel pointed out some differences between S.S.'s trial testimony and an outcry statement S.S. made to Lisa Martinez, who conducted a forensic interview of S.S. on September 16, 2014. For example, S.S. did not mention to Martinez that appellant put aloe vera on her bottom, and she never told Martinez about his making her put her mouth on his private part. S.S. also testified on cross-examination that she had spoken a few times with the DA's office. She told the DA's office everything that Monday, two days before trial. S.S. stated she wanted to make them happy with "extra things to tell them." She said she remembered these extra things because they were asking her to remember more. S.S. said her memory was better on Monday than it was before because the DAs helped her remember.

On redirect, S.S. testified that the DA's office wanted her to "[s]ay the truth." She explained that she did not remember everything that had happened to her when she first talked to Martinez. She had been nervous and had not expected to have to tell someone everything that had happened. S.S. indicated she spoke to Martinez a second time. In the second interview, Martinez showed her pictures. S.S. stated that seeing the pictures helped her remember.[1] S.S. further indicated that counseling helped her to be able to talk more about what had happened.

S.S.'s mother and sister also testified for the State, largely about the events of September 12, 2014, when appellant's behavior came to the attention of S.S's mother. Martinez also testified, and the videotape of her first interview with S.S. was admitted into evidence. In the interview, S.S. described appellant putting aloe vera on her private parts. When asked how often

---

[1] Although not clear from the record, it appears the second interview was excluded from evidence because it resulted from evidence found in the illegal seizure of appellant's computer. The court allowed the prosecutor to question S.S. about what caused her to later remember things she had not remembered at the time of the first interview.

appellant did that, S.S. said he did it a couple of days the week before school started. S.S. also told Martinez about a time when appellant took her out in the woods, but she did not indicate any acts of sexual abuse occurred at that time.

At the conclusion of its case, the State abandoned the two counts of sexual performance by a child and one count of indecency with a child by exposure. The defense did not present any evidence. The trial court found appellant guilty of continuous sexual abuse and indecency with a child by contact. The court found appellant not guilty of the remaining count of indecency with a child by exposure. The court assessed punishment for indecency with a child at ten years' confinement and assessed punishment for continuous sexual abuse at thirty-five years' confinement. This appeal followed.

**CONTINUOUS SEXUAL ABUSE OF A YOUNG CHILD**

In his first issue, appellant contends the evidence is insufficient to support his conviction for continuous sexual abuse of a young child. Appellant contends the evidence is insufficient to show he committed two or more acts of sexual abuse and to show the acts occurred during a period of thirty days or more. We disagree.

The legislature created the offense of continuous sexual abuse of a young child in response to a need to address sexual assaults against young children who are normally unable to identify the exact dates of the offenses when there are ongoing acts of sexual abuse. *Baez v. State*, 486 S.W.3d 592, 595 (Tex. App.—San Antonio 2016, pet. ref'd). A person commits the offense if, during a period that is thirty or more days in duration, he commits two or more acts of sexual abuse and, at the time of the commission of each act, he is seventeen years of age or older and the victim is a child younger than fourteen. TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2016). Although the exact dates of the abuse need not be proven, the offense does require proof that two or more acts of sexual abuse occurred during a period of thirty days or more. *Baez*, 486

S.W.3d at 595. Acts of sexual abuse include sexual assault, aggravated sexual assault, sexual performance with a child, and indecency with a child by sexual contact under section 21.11(a)(1), if committed in a matter other than by touching the child's breast. Tex. Penal Code Ann. § 21.02(c); *see id.* § 21.11(a)(1). Count one of the indictment in this case alleged appellant committed four different acts of sexual abuse: (1) aggravated sexual assault of a child caused by penetrating S.S.'s sexual organ with his finger; (2) indecency with a child by touching S.S.'s genitals with his hand; (3) indecency with a child by touching S.S.'s anus with his hand; and (4) aggravated sexual assault of a child by causing S.S.'s mouth to touch his sexual organ.

When reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a factfinder was rationally justified in finding guilt beyond a reasonable doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *see Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). We measure the sufficiency of the evidence by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Temple*, 390 S.W.3d at 360. The testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a child. *See* Tex. Code Crim. Proc. Ann. art. 38.07 (West Supp. 2016); *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd).

Appellant's arguments about the sufficiency of the evidence to show that at least two acts of sexual abuse occurred relate to S.S.'s credibility or to conflicts in the evidence. For example, appellant asserts that some of S.S.'s allegations lacked specificity and that some resulted from her desire to please the prosecutors. We defer to the factfinder's resolution of these issues.

Turning to appellant's argument about the timing of the acts of sexual abuse, S.S. was unable to give the exact dates of appellant's acts. Nevertheless, there was evidence from which the trial court could have determined that the period of abuse was at least thirty days in duration. S.S. testified at trial that the first time appellant touched her private parts, he put aloe vera on them. S.S. remembered that incident happened in the summer of 2014 because she was out of school. She testified that the first incident probably occurred in June or July. Appellant overlooks this testimony in his brief and maintains the first aloe vera incident occurred the week before school started, which is what S.S. told Martinez in their first interview. Also, S.S. testified that appellant took her to the woods and made her put her mouth on his private part. She stated this incident occurred a couple of weeks before school was to start. Thus, viewing the evidence in the light most favorable to the verdict, there was evidence that appellant committed an act of sexual abuse in June of 2014 and another near the end of that summer, a couple of weeks before the start of school. Further, S.S. stated appellant touched her front private parts throughout the summer. The trial judge as factfinder could have determined appellant committed two or more acts of sexual abuse over a period of at least thirty days.

Appellant maintains that the incident in the woods cannot be used as an act of sexual abuse because the trial court acquitted appellant of count five of the indictment. That count alleged appellant exposed his genitals to S.S. Appellant argues that because the court found appellant not guilty of that offense, the evidence must be insufficient to prove he made S.S. put her mouth on this genitals. But inconsistent verdicts do not require reversal for insufficient evidence. *Jackson v. State*, 3 S.W.3d 58, 61–62 (Tex. App.—Dallas 1999, no pet.) (citing *U.S. v. Powell*, 469 U.S. 57 (1984)). Further, the court could have determined appellant could not be convicted for an offense based on his exposing his genitals to S.S. because this exposure was part of the offense of aggravated sexual assault, an act of sexual abuse used to convict appellant of

continuous sexual abuse. *See Patterson v. State*, 152 S.W.3d 88, 91–92 (Tex. Crim. App. 2004). We conclude the evidence is legally sufficient to support appellant's conviction for continuous sexual abuse of a young child. We overrule appellant's first issue.

### INDECENCY WITH A CHILD

In his second issue, appellant contends the evidence is insufficient to support his conviction for indecency with a child by contact. The indictment alleged in count two that appellant intentionally or knowingly, with the intent to arouse and gratify the sexual desire of any person, engaged in sexual contact by touching S.S.'s breast with his hand. *See* TEX. PENAL CODE ANN. § 21.11 (West 2011). Appellant maintains the evidence is insufficient as to this offense because there "was no evidence offered to provide context as to the claimed touching or to provide the sensory details necessary to show this was anything other than a mere accusation."

S.S. testified that appellant touched her breasts with his hands one time. The incident happened in appellant's car in the middle of the summer. When asked how it happened, S.S. testified appellant "had lifted up my shirt and then he had did it." Although the testimony about this incident was brief, it was sufficient to establish the elements of the offense. Appellant's challenge to the sufficiency of the evidence questions S.S.'s credibility, and we again defer to the trial court's resolution of any credibility issues. We overrule appellant's second issue.

We affirm the trial court's judgments.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

151272F.U05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CODY ALLAN SRADER, Appellant

No. 05-15-01272-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas

Trial Court Cause No. 219-80009-2015.

Opinion delivered by Justice Brown, Chief Justice Wright and Justice Fillmore participating.

Based on the Court's opinion of this date, the judgments of the trial court are **AFFIRMED**.

Judgment entered this 24th day of October, 2016.