Joe Christian SALAZAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–07–0432–CR.

Court of Appeals of Texas, Amarillo.

May 28, 2008.

Opinion Overruling Rehearing July 1, 2008.

Discretionary Review Granted Oct. 1, 2008.

John Bennett, Amarillo, for Appellant.

John L. Owen, Asst. Dist. Atty., Amarillo, for Appellee.

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

### Opinion

BRIAN QUINN, Chief Justice.

Joe Christian Salazar appeals his conviction for burglary of a building. His sole issue concerns the trial court's decision denying his request for an instruction on the offense of criminal trespass. The latter allegedly was a lesser-included offense of the crime for which he was indicted. We disagree and affirm the judgment.

### Law

■ With the advent of *Hall v. State*, 225 S.W.3d 524 (Tex.Crim.App.2007), the methodology used in determining whether an accused is entitled to an instruction on a lesser-included offense has changed. The test still consists of two elements, and the latter still focuses on whether "evidence [appears of record] that supports giving the instruction to the jury." *Id.* at 536. The former element differs, however. Now we are to compare "the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense." *Id.* at 535–36. In doing so, "we do not consider the evidence that was presented at trial." *Id.* at 536. Instead, "we consider only the statutory elements [of the crimes charged] as they were modified by the particular allegations in the indictment. . . ." *Id.* Then, we ask whether "the elements of the lesser offense [are] 'established by the proof of the same or less than all the facts required to [establish] the commission of the offense charged.'" *Id.* (quoting Tex.Code Crim. Proc. Ann. art. 37.09 (Vernon 2006)). If they are not, then a trial court acts properly in withholding the instruction. *Id.* at 536–37.

### Application of Law

■ Here, appellant was indicted for burglary of a habitation. Furthermore, through the indictment, the State alleged that he "intentionally or knowingly entered a habitation, without the effective consent of Linda Pohlmeier, the owner of the habitation, and attempted to commit or committed theft of property." Missing from this allegation is any statutory or factual allegation concerning whether appellant knew that the entry was forbidden or received notice to depart but did not. This is of import for one or the other is a prerequisite to conviction for criminal tres-

pass. TEX. PEN.CODE ANN. § 30.05(a)(1) & (2) (Vernon Supp.2007) (defining criminal trespass as entering or remaining on or in property of another without effective consent or entering or remaining in a building of another without effective consent *and* having notice that the entry was forbidden or receiving notice to depart but failing to do so).

█ That the indictment before us may have alluded to the absence of the owner's "effective consent" is of no import in this instance. This is so for several reasons. First, the crime of criminal trespass requires *both* the absence of effective consent *and* either notice that entry was forbidden or that one's presence is no longer welcomed. *Id.* To equate the two, as appellant suggests at bar, is to effectively nullify a portion of the penal statute, and that we will not do. Second, while it may be that someone is not welcomed onto property, that does not necessarily mean that he knew of that fact. Not only can sentiment be hidden but also changed. So, not until the accused becomes aware of the owner's sentiment and then acts or refuses to act does he commit criminal trespass.

In sum, the elements or facts necessary to convict one of criminal trespass were missing from the charge of burglary as modified by the indictment at bar. Consequently, the former was not a lesser-included offense of the latter, and the trial court did not err in refusing to treat it as one.[1]

We overrule the issue and affirm the judgment.

### On Motion for Rehearing

Pending before the court is the motion of Joe Christian Salazar for rehearing. He contends that we erred in concluding that he was not entitled to an instruction on the purported lesser-included offense of criminal trespass. Our mistake allegedly occurred when we said that the indictment failed to aver or contain facts illustrating that he knew entry into the habitation was forbidden. These particular allegations were inherently part of the indictment, he continues, because the instrument accused him of entering a "habitation." Furthermore, several opinions he cited supposedly support the proposition that "a *habitation* is *in itself* an allegation that [the accused] knew entry was forbidden." (Emphasis in original). The two opinions mentioned are *Grissam v. State*, 2007 WL 2405122, No. 02–06–0422–CR, 2007 Tex.App. LEXIS 6843 (Tex.App.-Fort Worth, August 24, 2007, pet. granted) and *Jackson v. State*, 3 S.W.3d 58 (Tex.App.-Dallas 1999, no pet.). We overrule the motion.

Both *Grissam* and *Jackson* state that for which appellant cites them. Moreover, the older of the two, *i.e. Jackson*, refers readers to *Moreno v. State*, 702 S.W.2d 636 (Tex.Crim.App.1986), which also suggests that by proving the accused entered a "habitation," the State implicitly establishes that the accused knew entry was forbidden. *Moreno v. State*, 702 S.W.2d at 640 n. 7.[1] Yet, we cannot ignore an impor-

---

1. We recognize that in *Day v. State*, 532 S.W.2d 302 (Tex.Crim.App.1975), the Court of Criminal Appeals found criminal trespass to be a lesser-included offense of burglary with intent to commit theft. However, in *Hall*, the Court overruled *Day* to the extent that it conflicts with *Hall*.

1. We assume *arguendo* that the passage in *Moreno* about which we speak remains good law. However, the Court of Criminal Appeals questioned, in *Hall v. State*, 225 S.W.3d 524 (Tex.Crim.App.2007), the manner in which *Moreno* addressed the topic of lesser-included offenses. *Id.* at 531. And, footnote seven pertained to that specific issue; that is, whether the record contained evidence indicating that Moreno knew his entry was forbidden for purposes of receiving an instruction on the lesser offense of criminal trespass.

tant circumstance present in those cases which is missing here. *Grissam, Jackson,* and *Moreno* each involved a trial wherein someone presented evidence describing the "habitation" and illustrating that it was a structure with walls, closed doors, locks, and the like. *See e.g. Grissam v. State,* 2007 WL 2405122, 2007 Tex.App. LEXIS 6843 at *2 (in which the home had a closed back door with a peephole and metal screen door); *Jackson v. State,* 3 S.W.3d at 60 (in which the home had a back door that was closed and locked with a fence around the back); *Moreno v. State,* 702 S.W.2d at 637 (in which the trailer house had doors and windows that were locked and secured). From that evidence, one could reasonably deduce that the structure at issue was built in a way that prevented those standing outside from entering. Given that, a factual basis existed to support the rather broad conclusion uttered in each opinion, *i.e.* that a habitation in and of itself gives notice that entry is forbidden.

Yet, such information is missing from the indictment at bar and, that is what we look to after *Hall.* It said nothing about how the "habitation" Salazar burglarized was built or how it looked. Nor did the averments in the documents indicate whether the edifice was surrounded by fencing, constructed with walls, enclosed by doors with locks, or even had other structural qualities preventing people from entering. And, while experience suggests that most "habitations" have such characteristics, that may not be true in all cases. For instance, though a tent may fall within the definition of a "habitation," the nature of its construction, appearance, and use may fall short of implying that others were not to enter.

Or, we note that the legislature defined a building to be an "enclosed structure." TEX. PEN.CODE ANN. § 30.01(2) (Vernon 2003). Yet, the word "enclosed" was not used to modify the word "structure" when defining a "habitation." *Id.* at § 30.01(1). Thus, it is arguable that some "structure" could be a "habitation" even though it had no walls so long as it was otherwise "adapted for the overnight accommodation of persons." *Id.* And if such a structure was to exist, we question whether its open appearance would suffice in providing onlookers with notice that their entry was forbidden simply because someone made it suitable for inhabiting overnight.

Admittedly, these examples are somewhat extreme. But, they nonetheless depict situations in which the mere use of the word "habitation" in the indictment could fall short of inherently indicating that the accused knew his entry was forbidden. Because of that, we stop short of taking a rule adopted from a trial setting and applying it to a setting wherein only minimal and conclusory words of an indictment are to be perused. This is not to say that the wording of an indictment may not be sufficient to allege that the accused knew his entry was forbidden. Such verbiage or factual recitations may indeed be included by the State in the charging instrument. We simply hold that the question should be decided on a case-by-case basis, and that simply describing the structure as a "habitation" does not *ipso facto* suffice.