NO. 07-08-0087-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 16, 2008
______________________________

DELVETRA LASHERL JENNINGS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
_________________________________

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A17,382-0710; HON. ROBERT W. KINKAID, JR., PRESIDING
_______________________________

Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ. 
Â Â Â Â Â Â Â Â Â Â Delvetra Lasherl Jennings was indicted for burglary of a habitation with intent to
commit aggravated assault. Yet, a jury convicted her of a lesser crime, that being burglary
of a habitation with intent to commit simple assault. Here, she complains of the jury charge
and asserts that the trial court erred in 1) omitting from it a verdict form that permitted the
jurors to find her ânot guiltyâ of any offense, 2) improperly commenting on the evidence via 
the charge, and 3) omitting from the charge the purportedly lesser-included offenses of
assault and criminal trespass. We affirm the judgment.
Â Â Â Â Â Â Â Â Â Â Background
Â Â Â Â Â Â Â Â Â Â Appellant and the victim Michael Ray entered into a relationship whereby Ray
agreed to install a new engine in appellantâs automobile. She paid him $750, but Ray did
not complete the work. On October 8, 2007, appellant, her boyfriend Preston Alexander,
and a third unidentified man entered Rayâs home through the front door, without knocking,
assaulted him, and vandalized his house. 
Â Â Â Â Â Â Â Â Â Â Issue 1 - âNot Guiltyâ Verdict Form 
Â Â Â Â Â Â Â Â Â Â In her first issue, appellant complains that the trial court erred in failing to submit to
the jury a ânot guiltyâ form with respect to the crime for which she was ultimately convicted. 
We overrule the issue.
Â Â Â Â Â Â Â Â Â Â Â Three verdict forms were submitted to the jury. They allowed the jury to find
appellant either not guilty of burglary of a habitation with intent to commit aggravated
assault, guilty of burglary of a habitation with intent to commit aggravated assault, or guilty
of burglary of a habitation with intent to commit assault. No request was made, however,
for a form allowing the jury to find appellant not guilty of the lesser charge. Nor did
appellant object to its absence. Thus, she waived the complaint. Contreras v. State, 54
S.W.3d 898, 906 (Tex. App.âCorpus Christi 2001, no pet.) (holding that the failure to
include a ânot guiltyâ form was not fundamental error and required an objection to preserve
it for appellate review); Hegar v. State, 11 S.W.3d 290, 298 (Tex. App.âHouston [1st Dist.]
1999, no pet.) (holding that the complaint about improper verdict forms had been waived
due to the failure to object at trial); Uzal v. State, No. 03-99-0242-CR, 2000 Tex. App. Lexis
79 at *2-3 (Tex. App.âAustin January 6, 2000, no pet.) (not designated for publication)
(holding that the omission of a not guilty form is not fundamental error).


 
Â Â Â Â Â Â Â Â Â Â Issue 2 - Comment on the Weight of the Evidence 
Â Â Â Â Â Â Â Â Â Â Appellant next complains about a portion of the trial courtâs charge being a comment
on the weight of the evidence. Yet, she did not object to it below. Thus, the complaint was
not preserved for review, and we overrule it. Contreras v. State, 54 S.W.3d at 906 (holding
that the failure to object to an alleged comment on the weight of the evidence waives the
claim); Martinez v. State, 691 S.W.2d 791, 793 (Tex. App.âEl Paso 1985, no pet.) (holding
the same).
Â Â Â Â Â Â Â Â Â Â Issue 3 - Lesser-Included Offenses
Â Â Â Â Â Â Â Â Â Â Finally, appellant contends that the trial court erred in failing to instruct the jury on
the purported lesser-included offenses of simple assault and criminal trespass. We
overrule the issue.
Â Â Â Â Â Â Â Â Â Â A party is entitled to an instruction on a lesser offense if 1) the lesser offense is
included in the proof necessary to establish the greater offense, and 2) some evidence
exists that would permit a jury to rationally find that if the defendant is guilty, he is guilty
only of the lesser offense. Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App.
1993). In applying the first prong, we compare the elements of the lesser crime to those
of the greater as the latter is described in the indictment. Hall v. State, 225 S.W.3d 524,
535-36 (Tex. Crim. App. 2007). In other words, if the elements of the supposed lesser
offense are not included in the wording of the crime contained in the indictment, it is not a
lesser-included offense. 
Â Â Â Â Â Â Â Â Â Â As previously mentioned, the State charged appellant with burglary of a habitation
with the intent to commit aggravated assault. It described the crime in the indictment by
alleging that she âwith intent to commit the felony . . . of aggravated assault, intentionally
or knowingly enter[ed] a habitation, without the effective consent of Michael Ray, the owner
thereof.â To see if the first lesser offense sought by appellant (assault) falls within that
verbiage, we turn to the applicable statute and discover that assault consists of 1)
intentionally, knowingly, or recklessly causing another bodily injury, 2) intentionally or
knowingly threatening another with imminent bodily injury, or 3) intentionally or knowingly
causing physical contact with another under various circumstances (none of which are
applicable here). Tex. Penal Code Ann. Â§ 22.01(a) (Vernon Supp. 2008). Comparing the
elements of the two crimes reveals that the burglary accusation does not require proof of
bodily injury, threats, or touching while assault does. For this reason, simple assault is not
a lesser-included offense of burglary consisting of the entry into a habitation with the intent
to commit aggravated assault. Rojas v. State, No. 07-05-0359-CR, 2006 Tex. App. Lexis
3222 at *4 (Tex. App.âAmarillo April 20, 2006, pet. refâd) (not designated for publication)
(involving burglary described as entry with the intent to commit assault); see also Jacob v.
State, 892 S.W.2d 905, 909 (Tex. Crim. App. 1995) (stating that aggravated assault itself
is not a lesser offense of burglary of a habitation with intent to commit aggravated assault). 
 Â Â Â Â Â Â Â As for criminal trespass, it is defined as entering or remaining on or in property or
a building of another without the otherâs effective consent âandâ having notice that the entry
was forbidden or receiving notice to depart but failing to do so. Tex. Penal Code Ann. Â§
30.05(a)(1) & (2) (Vernon Supp. 2008). Comparing this offense to that alleged in the
indictment reveals that the latter omits the element of notice, i.e. either notice that entry
was forbidden or notice to depart. So, the facts necessary to convict one of criminal
trespass are not within the scope of the offense alleged in the indictment. Thus, it too is
not a lesser-included offense. See Salazar v. State, 259 S.W.3d 232, 233-34 (Tex. App.â
Amarillo 2008, pet. granted) (holding that criminal trespass was not a lesser-included
offense of burglary given the element of notice in the former which was absent from the
latter). 
Â Â Â Â Â Â Â Â Â Â Having overruled all of appellantâs issues, we affirm the judgment. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Brian Quinn 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice
Â 
Publish.



sed="false" Name="Dark List Accent 6"/>
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0297-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL A

Â 

 NOVEMBER 10, 2010



Â 

Â 



Â 

Â 

ROBERT DAVID ARGUIJO, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 

Â 



Â 

Â FROM THE 242ND DISTRICT
COURT OF CASTRO COUNTY;

Â 

NO. B3145-0708; HONORABLE EDWARD SELF, JUDGE



Â 

Â 



Â 

Before CAMPBELL and HANCOCK and PIRTLE,
JJ.

Â 

Â 

MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â  On August
28, 2009, Appellant, Robert David Arguijo, was adjudicated guilty of the
offense of aggravated assault[1] and sentenced to ten years
confinement and a fine of $5,000.Â  In a
single issue, Appellant asserts the trial court abused its discretion by
denying him the opportunity to hire counsel of his choice.Â  We affirm.

Background

Â Â Â Â Â Â Â Â Â Â Â  On February 12, 2008, Appellant entered
a plea of guilty to the offense of aggravated assault.Â  Pursuant to a plea bargain, he was granted
five years deferred adjudication community supervision.Â  

Â Â Â Â Â Â Â Â Â Â Â  On December 31, 2008, the State
filed an Amended Motion to Proceed to
Adjudication alleging the following violations of the terms and conditions
of his community supervision:Â  (1) failed
to report to the Community Supervision Officer, (2) failed to pay restitution,
fees, and costs, and (3) failed to complete community service hours.Â  On April 2, 2009, following a hearing on the
State's amended motion, the trial court entered an order continuing Appellant
on deferred adjudication community supervision and modifying the terms thereof
to include, among other conditions, Appellant's commitment to the Lubbock
County Court Residential Treatment Center.

Â  Â Â Â Â Â Â Â Â Â  On
July 22, 2009, the State filed a subsequent Motion
to Proceed to Adjudication alleging Appellant failed to complete the
court-ordered residential treatment center program.Â  On August 6, Appellant filed an affidavit of
financial status which indicated he had no income and requested court-appointed
counsel.Â  The same day, the trial court
appointed Kregg Hukill to represent Appellant and set a hearing on the State's Motion to Proceed to Adjudication for
August 28.Â  Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  Prior to the commencement of the
hearing on August 28, Appellant's counsel announced he was ready to proceed but
indicated that Appellant wanted more time to hire an attorney of his choosing.Â  Thereafter, the following exchange occurred:

DEFENDANT:Â Â Â Â Â Â Â Â Â  Your honor, I would like to ask for
more time so I could hire my own lawyer.

COURT:Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  You asked
the Court to appoint a lawyer for you on Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  August 6, 2009.Â  You submitted a financial affidavit Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  indicating
you had no income.Â  That's why Mr. Hukill
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  was
appointed for you.Â  So why do you think
you can Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  afford
to hire your own lawyer now?

DEFENDANT:Â Â Â Â Â Â Â Â Â  My mother is going to help me.

COURT:Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Why didn't she help before?

DEFENDANT:Â Â Â Â Â Â Â Â Â  I
had no contact with her at the time.Â  I
didn't know if Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  she was going to be able to.Â Â Â Â Â Â Â Â Â  

COURT:Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  How
much time is it going to take you to get a lawyer, Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  then?

DEFENDANT:Â Â Â Â Â Â Â Â Â  I think about---I'm not sure, your
Honor.

COURT:Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Not sure?

DEFENDANT:Â Â Â Â Â Â Â Â Â  No, sir.

COURT:Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  I
will deny your motion for continuance, then.Â 
We'll Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  proceed.

Â 

Â Â Â Â Â Â Â Â Â Â Â  Appellant signed a stipulation of
evidence admitting that all of the facts and allegations in the State's motion
to adjudicate were true and correct and, thereafter, entered a plea of true.Â  The trial court adjudicated Appellant guilty
and sentenced him to ten years confinement and assessed a $5,000 fine, court
costs, restitution and attorney's fees--previously assessed but unpaid.Â  This appeal followed.

Discussion

Â Â Â Â Â Â Â Â Â Â Â  Appellant
contends the trial court erred by denying a request for a continuance so that
he could retain counsel of his choosing rather than proceed with the attorney
who had been appointed to represent him.Â 


Â Â Â Â Â Â Â Â Â Â Â  Standard
of Review

Â Â Â Â Â Â Â Â Â Â Â  Appellant's request to the trial
court for more time to retain different counsel and his appellate complaint
involving the denial of that request is a challenge to the denial of a motion
for a continuance.[2]Â  See
Coleman v. State, 188 S.W.3d 708, 722-24 (Tex.App.--Tyler 2005, pet.
ref'd), cert. denied, 549 U.S. 999,
127 S.Ct. 502, 166 L.Ed.2d 376 (2006).Â 
The denial of a motion for continuance is within the sound discretion of
the trial court, and our review of the denial of such a motion is limited to
whether the trial court abused that discretion.Â 
Renteria v. State, 206 S.W.3d
689, 699 (Tex.Crim.App. 2006); Janecka v.
State, 937 S.W.2d 456, 468 (Tex.Crim.App. 1996), cert. denied, 522 U.S. 825, 118 S.Ct. 86, 139 L.Ed.2d 43 (1997).

Â Â Â Â Â Â Â Â Â Â Â  To establish an abuse of discretion,
there must be a showing that the defendant was actually prejudiced by the
denial of his motion.Â  Janeka, 937 S.W.2d at
468.Â  A bare assertion of
prejudice will not suffice.Â  Gallo v. State, 239
S.W.3d 757, 764 (Tex.Crim.App. 2007).Â 
Rather, "a defendant must demonstrate both that the trial court
erred in denying the motion and that the lack of a continuance harmed
him."Â  Gonzales v. State, 304 S.W.3d 838, 843
(Tex.Crim.App. 2010).Â  Examples of
specific prejudice include unfair surprise, an inability to effectively cross-examine
witnesses, and the inability to elicit crucial testimony from potential
witnesses.Â  Janecka, 937 S.W.2d at 468. 

Â Â Â Â Â Â Â Â Â Â Â  Motion for Continuance

Â Â Â Â Â Â Â Â Â Â Â  While the Sixth
Amendment of the United States Constitution and article I, section 10 of the
Texas Constitution provide an accused in a criminal prosecution with the right
to counsel of his or her own choosing, U.S. Const. amend VI; Tex. Const. art.
I, Â§ 10,[3] "[t]he choice of
counsel of one's choice is not absolute, and may under some circumstances be
forced to bow to 'the general interest in the prompt and efficient
administration of justice.'"Â  Rosales v. State, 841 S.W.2d 368, 374
(Tex.Crim.App. 1992) (footnote omitted) (quoting Gandy v. Alabama, 569 F.2d 1318, 1323 (5th Cir. 1978), cert. denied, 510 U.S. 949, 114 S.Ct.
393, 126 L.Ed.2d 341 (1993)). 

Â Â Â Â Â Â Â Â Â Â Â  A defendant's Sixth Amendment rights
are protected when he has effective assistance from either retained or
appointed counsel; Trammel v. State,
287 S.W.3d 336, 343 (Tex.App.--Fort Worth 2009, no pet.) (collected
cases cited therein), and, once the trial court appoints an attorney to
represent the defendant, there must be some principled reason to justify the
replacement of appointed counsel.Â  Buntion v. Harmon, 827 S.W.2d 945, 949
(Tex.Crim.App. 1992) (orig. proceeding).Â 
See Thomas, 550
S.W.2d at 68.[4]Â  A defendant does not have the right to the
appointed counsel of his choice and the accused's right to select his own
counsel cannot be insisted upon or manipulated so as to obstruct the orderly
procedure in the courts or to interfere with the fair administration of
justice.Â  Ex parte Davis, 818 S.W.2d 64, 66
(Tex.Crim.App. 1991); Webb v. State,
533 S.W.2d 780, 786 (Tex.Crim.App. 1976).Â  Thus, an accused may not wait until the day
of trial to demand different counsel or request counsel be dismissed so that he
may retain other counsel because such a delay interferes with the timely
administration of justice.Â  Robles v. State, 577 S.W.2d 699, 704 (Tex.Crim.App.
[Panel Op.] 1979) (collected cases cited therein).Â  Â Â Â Â Â 

Â Â Â Â Â Â Â Â Â Â Â  The
State filed its motion to proceed on July 22, 2009.Â  Fifteen days later, Appellant requested that
the trial court appoint counsel because he was indigent.Â  The same day, the trial court appointed
counsel and scheduled a revocation hearing for August 28, twenty-two days
later.Â  During the interim, Appellant did
not seek a continuance or new representation.Â 
Rather, on the day of the hearing, Appellant requested a continuance to
hire a new attorney for no other reason than his mother had agreed to pay the
cost.[5]Â  His mother did not attend the hearing to
verify that she would be subsidizing new representation, Appellant did not know
who his new counsel would be and his request for more time was open-ended,
i.e., he could not tell the trial court how long it would take to find a new
attorney.Â  Further, prior to making the
request, his court-appointed attorney had announced he was ready to proceed and,
after the trial court denied Appellant's request, ably represented Appellant throughout
the remainder of the hearing.Â  Appellant
makes no showing that the lack of a continuance harmed him.Â  Based upon this record, we cannot say the
trial court abused its discretion by denying Appellant's motion for a
continuance.Â  Accordingly, Appellant's
sole issue is overruled. 

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  The trial
courtÂs judgment is affirmed.Â Â Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Patrick
A. Pirtle

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â  JusticeÂ  

Â 

Do not publish.











[1]Tex.
Penal Code Ann. Â§ 22.02(a)(2) (Vernon Supp. 2010).





[2]The Texas Rules of Criminal Procedure provide that
"[a] criminal action may be continued on the written motion . . . of the
defendant, upon sufficient cause shown."Â 
Tex. Code Crim. Proc. Ann. art. 29.03 (Vernon 2006). Â 

Â 





[3]The
Due Process Clause of the Fourteenth Amendment guarantees the same right to the
assistance of counsel, including the right to the appointment of counsel in the
case of an indigent defendant, in state criminal proceedings.Â  Thomas
v. State, 550 S.W.2d 64, 67 (Tex.Crim.App. 1977) (citing Argersinger v. Hamlin, 407 U.S. 25, 92
S.Ct. 2006, 32 L.Ed.2d 530 (1972)).





[4]An
accused bears the burden of proving that he is entitled to a change of
counsel.Â  King v. State, 511 S.W.2d 32, 34
(Tex.Crim.App. 1974).





[5]Appellant
did not assert, and the record does not reflect, any bad faith, insincerity, or
disloyalty towards Appellant by his attorney.Â