BRIAN MILLSAP V. SHOW TRUCKS USA, INC.






NO. 07-08-0447-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 6, 2009
______________________________

FILLIP E. MONTOYA,
 
Appellant

v.

THE STATE OF TEXAS, 
 
Appellee

                                    _________________________________

FROM THE 137th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-416,209; HON. CECIL G. PURYEAR, PRESIDING
_______________________________

ON ABATEMENT AND REMAND
_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
           Fillip E. Montoya (appellant) appeals from his conviction for possession of a
controlled substance. He filed his notice of appeal on November 3, 2008. The clerk’s
record was filed on December 9, 2008, and the reporter’s record on January 12, 2009. 
Appellant’s brief was due on February 11, 2009. Neither a brief nor a motion for extension
was filed by that date with the court. On February 18, 2009, the court sent a letter to
appellant notifying him that the brief was overdue and that the brief or response was due
on March 2, 2009. To date, no brief or extension motion has been filed.
          Consequently, we abate the appeal and remand the cause to the 137th District
Court (trial court) for further proceedings. Upon remand, the trial court shall immediately
cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the
following:
          1.       whether appellant is indigent; 
 
          2.       whether appellant desires to prosecute the appeal;
 
3. whether appellant has been denied the effective assistance of
counsel due to appellate counsel’s failure to timely file an appellate
brief. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35,
83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is
entitled to the effective assistance of counsel on the first appeal as of
right and that counsel must be available to assist in preparing and
submitting an appellate brief).

          We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeal, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeal. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the court’s findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk’s record containing the findings of fact and conclusions
of law and 2) a reporter’s record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk’s
record to be filed with the clerk of this court on or before April 6, 2009. Should additional
time be needed to perform these tasks, the trial court may request same on or before April
6, 2009.
          It is so ordered.
 
                                                                           Per Curiam
Do not publish.



f he wished to do so. To
date, no response has been received. 
          In compliance with the principles enunciated in Anders, appellate counsel discussed
two potential areas for appeal. One involves the trial court’s denial of a request to remove
a reference to the Pardons and Parole Board from the jury charge on punishment. We
agree that said issue does not involve reversible error. 
          In the other potential issue, appellate counsel contends the trial court did not err in
refusing to include a lesser-included offense instruction on criminal trespass in the jury
charge during the guilt/innocence phase. In arriving at that conclusion, counsel relies
solely on this court’s opinion in Salazar v. State, 259 S.W.3d 232, 234 (Tex. App.–Amarillo
2008, pet. granted) in which we held that criminal trespass was not a lesser-included
offense of burglary of a habitation because the indictment in that case did not allege that
the defendant had notice that entry was forbidden.


 However, the Court of Criminal
Appeals has granted a petition for discretionary review in that case so the matter is not
resolved. Moreover, the question at bar is whether criminal trespass is a lesser-included
offense of burglary of a building as opposed to a habitation. The Court of Criminal Appeals
held in Day v. State, 532 S.W.2d 302, 306 (Tex. Crim. App. 1975), that the notice
requirement was satisfied by reference to a building not then open to the public because
such a place was obviously designed to exclude an intruder. Although we noted in Salazar
that Day has been overruled by Hall v. State, 225 S.W.3d 524 (Tex. Crim. App. 2007), to
the extent that it conflicts with Hall, we also noted in our opinion on rehearing that the
Penal Code defines a building as an enclosed structure while a habitation is not so defined. 
Salazar v. State, 259 S.W.3d at 235. Therefore, it is at least arguable in this case that
criminal trespass is a lesser-included offense of burglary of a building and there is some
evidence that appellant is guilty only of the lesser offense.


 
          Accordingly, we grant counsel’s motion to withdraw and abate the appeal and
remand to the 47th District Court of Potter County, Texas. See Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). Upon remand, the trial court shall appoint a
different attorney to represent appellant in this appeal. The trial court shall further order
the newly appointed counsel to file an appellant’s brief, pursuant to the Texas Rules of
Appellate Procedure, developing the aforementioned arguable grounds and all other
grounds that might support reversal or modification of the judgment. The deadline for filing
the appellant’s brief with the clerk of this appellate court is June 30, 2009, unless abated
by this court. Thereafter, any responding brief which the State may care to submit shall
be filed within 30 days after the filing of the appellant’s brief. 
          Next, the trial court shall cause the name, address, and state bar number of the
newly appointed counsel to be included in a supplemental transcript. That transcript shall
be filed by the trial court with the clerk of this court on or before June 1, 2009. 
          It is so ordered. 
 
                                                                           Per Curiam
Do not publish.