NO. 07-08-0479-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 15, 2009

______________________________


BOBBY WAYNE TERRY, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee

_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 57653-A; HON. HAL MINER, PRESIDING

_______________________________

Abate and Remand
________________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          After a jury trial, appellant Bobby Wayne Terry was convicted of the offense of
burglary of a building. Punishment was assessed by the jury at two years confinement in
a state jail facility and a fine of $1800. 
          Appellant’s counsel has filed a motion to withdraw, together with an Anders’ brief



wherein he certifies that, after diligently searching the record, he has concluded that
appellant’s appeal is without merit. Along with his brief, he has filed a copy of a letter sent
to appellant regarding that brief. By letter dated February 25, 2009, this court notified
appellant of his right to file his own response by March 27, 2009, if he wished to do so. To
date, no response has been received. 
          In compliance with the principles enunciated in Anders, appellate counsel discussed
two potential areas for appeal. One involves the trial court’s denial of a request to remove
a reference to the Pardons and Parole Board from the jury charge on punishment. We
agree that said issue does not involve reversible error. 
          In the other potential issue, appellate counsel contends the trial court did not err in
refusing to include a lesser-included offense instruction on criminal trespass in the jury
charge during the guilt/innocence phase. In arriving at that conclusion, counsel relies
solely on this court’s opinion in Salazar v. State, 259 S.W.3d 232, 234 (Tex. App.–Amarillo
2008, pet. granted) in which we held that criminal trespass was not a lesser-included
offense of burglary of a habitation because the indictment in that case did not allege that
the defendant had notice that entry was forbidden.


 However, the Court of Criminal
Appeals has granted a petition for discretionary review in that case so the matter is not
resolved. Moreover, the question at bar is whether criminal trespass is a lesser-included
offense of burglary of a building as opposed to a habitation. The Court of Criminal Appeals
held in Day v. State, 532 S.W.2d 302, 306 (Tex. Crim. App. 1975), that the notice
requirement was satisfied by reference to a building not then open to the public because
such a place was obviously designed to exclude an intruder. Although we noted in Salazar
that Day has been overruled by Hall v. State, 225 S.W.3d 524 (Tex. Crim. App. 2007), to
the extent that it conflicts with Hall, we also noted in our opinion on rehearing that the
Penal Code defines a building as an enclosed structure while a habitation is not so defined. 
Salazar v. State, 259 S.W.3d at 235. Therefore, it is at least arguable in this case that
criminal trespass is a lesser-included offense of burglary of a building and there is some
evidence that appellant is guilty only of the lesser offense.


 
          Accordingly, we grant counsel’s motion to withdraw and abate the appeal and
remand to the 47th District Court of Potter County, Texas. See Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). Upon remand, the trial court shall appoint a
different attorney to represent appellant in this appeal. The trial court shall further order
the newly appointed counsel to file an appellant’s brief, pursuant to the Texas Rules of
Appellate Procedure, developing the aforementioned arguable grounds and all other
grounds that might support reversal or modification of the judgment. The deadline for filing
the appellant’s brief with the clerk of this appellate court is June 30, 2009, unless abated
by this court. Thereafter, any responding brief which the State may care to submit shall
be filed within 30 days after the filing of the appellant’s brief. 
          Next, the trial court shall cause the name, address, and state bar number of the
newly appointed counsel to be included in a supplemental transcript. That transcript shall
be filed by the trial court with the clerk of this court on or before June 1, 2009. 
          It is so ordered. 
 
                                                                           Per Curiam
Do not publish. 



business utilizing
machinery or a "machine press." And, like many other things omitted by the affiant, no one
explained the relationship between the anhydrous ammonia, psuedophed, baggies,
coolers, thermos, milky white substance poured from a jar, "bang," latex gloves, and black
nylon bags to the presence of methamphetamine, amphetamine, their manufacture or to
any other type of potential criminal activity. These omissions are pivotal for the affidavit
must illustrate not only that a specific offense has been committed but also that the
specifically described property or items to be searched for or seized constitute evidence
of that offense or evidence that a particular person committed the offense. Tex. Code
Crim. Proc. Ann. art. 18.01(b) (Vernon Supp. 2004). Here, this court, the trial court and
the judge who issued the warrant were left to guess at the nexus, if any, between the
matter described in the affidavit and criminal activity.

 Nor can one reasonably infer that because the tipster purportedly knew what
methamphetamine was and was familiar with the paraphernalia used in its manufacture
then the items of and matter about which he informed Menchaca and Lange constituted
such paraphernalia or criminal activity. A simple example proves the fallacy of such an
inference. An informant coupling a description of his experience with the manufacture of
methamphetamine to a statement that he not only saw ten pounds of flour in a case hidden
in a corner, three quarts of milk in a thermos containing some script, five pounds of
chocolate chips, two pounds of butter in a cooler, and a case of pecans placed behind a
portable oven and but also heard certain individuals say there were about to cook hardly
makes the ingredients for grandma's chocolate chip cookies the contents of
methamphetamine. Without someone familiar with the process of manufacturing the drug
stating that the items seen or conduct perceived were somehow related to that process,
any attempt to conclude that the items and conduct seen must relate to the drug or its
manufacture is conjecture. 

 Nor do we accept the State's postulation that the affidavit was sufficient because "it
is common knowledge what items are most often utilized in the manufacture of
methamphetamine." Common knowledge consists of matter "so well known to the
community as to be beyond dispute." Ritz Car Wash, Inc. v. Kastis, 976 S.W.2d 812, 814
(Tex. App.-Houston [1st Dist.] 1998, pet. denied). The formula for or ingredients of
methamphetamine and amphetamine or the process by which either is made hardly falls
within that category, and we rue the day it does. That same may also be found on the
internet, according to the State, does not somehow elevate it to that status either. Indeed,
having to investigate the annals of electronic data to discover particular information itself
suggests that the subjects being researched are far from common knowledge. Moreover,
if the presence of information on the worldwide web were alone the test for labeling matter
common knowledge, then most everything would be such for most anything can be found
there if the researcher is sufficiently patient and persistent. Indeed, one can also find on
the internet information about the Superstring Theory and the manner in which it resolves
the mathematical incompatibility of the foundational pillars of quantum mechanics and the
General Theory of Relativity. Yet, that is no reason to conclude that the Superstring Theory
is now part of the everyday, incontestable knowledge of the community. So, mere
presence on the internet is far from determinative of how well-known a particular subject
is. 

 Nor can the specialized knowledge of a particular magistrate or affiant be imputed
into the affidavit. Again, the rule of law prohibits us from perusing anything other than the
four corners of the document. Any specialized information lying within the mind of a police
officer or jurist and garnered through the years falls outside that realm. As said in Cassias,
"[i]t is one thing to draw reasonable inferences from information clearly set forth within the
four corners of an affidavit . . . [and] quite another . . . to read material information into an
affidavit that does not otherwise appear on its face." Cassias v. State, 719 S.W.2d at 590. 
 So too do we reject the State's suggestion on appeal that it "is a reasonable
inference based upon the hidden location of the anhydrous ammonia within a machine
shop that the . . . ammonia was illicitly acquired and was improperly stored in a receptacle
not designed for the storage" of same. (1) Immediately noticeable is the absence of any
explanation regarding how one can logically jump from the proposition that something is
hidden to the conclusion that it must be contraband. Parents hide presents from their
children; that does not mean the presents were obtained unlawfully or that the presents
consist of contraband. Hiding something may permit one to infer that someone does not
want the item to be easily found. Yet, it does not alone reasonably permit one to infer that
the object being hidden is somehow tied to criminal activity. To surmise otherwise would
be to again delve into conjecture, and that we cannot do. 

 Appellant's third issue is meritorious. Thus, we conclude that the affidavit did not
provide substantial basis for the conclusion that a specific offense had been committed,
and hold that the trial court erred in failing to grant the motion to suppress. So too do we
find that the error was harmful since the evidence obtained upon execution of the defective
warrant provided the basis for appellant's conviction. And, since appellant's other criticisms
of the affidavit need not be addressed at this time, we reverse the judgment and remand
the cause to the trial court. 


 Brian Quinn

 Justice


Publish.
1. We assume arguendo that the ammonia was hidden. In doing so, we also note that Menchaca failed
to explain how his tipster arrived at that conclusory observation. Also worthy of note is the line of authority
holding that conclusions appearing in an affidavit carry little weight. Cassias v. State, 719 S.W.2d 585, 588
(Tex. Crim. App. 1986) (stating that conclusory utterances "establish little if anything").