NO. 07-08-0479-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 15, 2009

_____

BOBBY WAYNE TERRY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 57653-A; HON. HAL MINER, PRESIDING

_____

*Abate and Remand*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

After a jury trial, appellant Bobby Wayne Terry was convicted of the offense of burglary of a building. Punishment was assessed by the jury at two years confinement in a state jail facility and a fine of $1800.

Appellant's counsel has filed a motion to withdraw, together with an *Anders'* brief[1] wherein he certifies that, after diligently searching the record, he has concluded that appellant's appeal is without merit.  Along with his brief, he has filed a copy of a letter sent to appellant regarding that brief.  By letter dated February 25, 2009, this court notified appellant of his right to file his own response by March 27, 2009, if he wished to do so.  To date, no response has been received.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed two potential areas for appeal.  One involves the trial court's denial of a request to remove a reference to the Pardons and Parole Board from the jury charge on punishment.  We agree that said issue does not involve reversible error.

In the other potential issue, appellate counsel contends the trial court did not err in refusing to include a lesser-included offense instruction on criminal trespass in the jury charge during the guilt/innocence phase.  In arriving at that conclusion, counsel relies solely on this court's opinion in *Salazar v. State,* 259 S.W.3d 232, 234 (Tex. App.–Amarillo 2008, pet. granted) in which we held that criminal trespass was not a lesser-included offense of burglary of a habitation because the indictment in that case did not allege that the defendant had notice that entry was forbidden.[2]  However, the Court of Criminal Appeals has granted a petition for discretionary review in that case so the matter is not resolved.  Moreover, the question at bar is whether criminal trespass is a lesser-included offense of burglary of a building as opposed to a habitation.  The Court of Criminal Appeals

---

[1]*See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2]Such notice is an element of criminal trespass.  *See* TEX. PENAL CODE ANN. §30.05(a)(1) (Vernon Supp. 2008).

held in *Day v. State,* 532 S.W.2d 302, 306 (Tex. Crim. App. 1975), that the notice requirement was satisfied by reference to a building not then open to the public because such a place was obviously designed to exclude an intruder. Although we noted in *Salazar* that *Day* has been overruled by *Hall v. State,* 225 S.W.3d 524 (Tex. Crim. App. 2007), to the extent that it conflicts with *Hall,* we also noted in our opinion on rehearing that the Penal Code defines a building as an *enclosed* structure while a habitation is not so defined. *Salazar v. State,* 259 S.W.3d at 235. Therefore, it is at least arguable in this case that criminal trespass is a lesser-included offense of burglary of a building and there is some evidence that appellant is guilty only of the lesser offense.[3]

Accordingly, we grant counsel's motion to withdraw and abate the appeal and remand to the 47th District Court of Potter County, Texas. *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Upon remand, the trial court shall appoint a different attorney to represent appellant in this appeal. The trial court shall further order the newly appointed counsel to file an appellant's brief, pursuant to the Texas Rules of Appellate Procedure, developing the aforementioned arguable grounds and all other grounds that might support reversal or modification of the judgment. The deadline for filing the appellant's brief with the clerk of this appellate court is June 30, 2009, unless abated by this court. Thereafter, any responding brief which the State may care to submit shall be filed within 30 days after the filing of the appellant's brief.

---

[3]Appellant was found by police in the building but told a police officer that he worked for that business and was there to collect money he was owed.

Next, the trial court shall cause the name, address, and state bar number of the newly appointed counsel to be included in a supplemental transcript. That transcript shall be filed by the trial court with the clerk of this court on or before June 1, 2009.

It is so ordered.


                                        Per Curiam

Do not publish.

4