COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| STEPHEN OROZCO, | | No. 08-07-00070-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 210th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 2006ODO4478) |
| | § | |
| | § | |

**O P I N I O N**

Stephen Orozco appeals his conviction for three counts of indecency with a child. The jury assessed punishment at 12 years' imprisonment for the indecency count involving sexual contact and 5 years' imprisonment for each indecency count involving exposure. The sentences are to be served concurrently. Appellant raises four issues for our review. We affirm.

The complaining witness in this case, A.H., was seven-years-old at the time he alleged Appellant abused him. According to the child's testimony, on March 16, 2006, Appellant was spending time with his mother and sister in the family's home. When A.H.'s mother fell asleep on the couch, Appellant touched the boy's genitals. Appellant then told A.H. to go to his room. He instructed A.H. to undress and lie down, at which point A.H. testified that Appellant knelt down and began performing oral sex on him. Appellant then told A.H. to go to the bathroom, where Appellant made the child touch his own genitals. Finally, Appellant instructed A.H. to kneel on the toilet, where Appellant rubbed lotion on A.H.'s backside and inserted his fingers in

the child's rectum.

While A.H. was still kneeling on the toilet, his stepfather arrived home and found Appellant in the bathroom with the child. The child's stepfather testified that Appellant had a bottle of lotion in his hand when he opened the bathroom door. He also noticed that Appellant's pants were undone and that he had an erection. A.H.'s mother pushed the bathroom door open when she heard Appellant yelling denials at A.H.'s stepfather. She also testified that Appellant's pants were unbuttoned, and that Appellant had an erection. She pushed her way into the bathroom, knocked Appellant into the bathtub and removed A.H. from the room. As she carried A.H. away, she noticed that he had lotion on his bottom. She immediately called 9-1-1.

As soon as A.H.'s mother carried him away from the bathroom, both parents heard crashing and falling noises in the bathroom. Appellant broke through the bathroom window and began running from the house. A few minutes later, an El Paso Police Department motorcycle patrol officer spotted an individual matching Appellant's description running away from the house several blocks away. The officer told Appellant to stop and arrested him for evading arrest.

Appellant was indicted on September 27, 2006, for four counts of indencey with a child, and two counts of aggravated sexual assault of a child. The jury convicted Appellant of one count of indecency with a child by contact (Count V in the indictment), and two counts of indecency with a child by exposure (Counts I and II in the indictment). In Issues One, Two, and Three, Appellant argues the evidence is legally and factually insufficient to support his convictions. In Issue Four, Appellant contends the trial court erred by admitting A.H.'s testimony because the child was not competent. We will address Issue Four first.

In Issue Four, Appellant contends the trial court erred by allowing A.H to testify before the jury because the record as a whole failed to establish the child's competency. To preserve a complaint for appellate review, the record must demonstrate that the complaining party presented the issue to the trial court via a timely request, objection, or motion. *See* TEX.R.APP.P. 33.1. The objection must be made with sufficient specificity to inform the trial court of the complaint. *See id*. Rule 33.1 ensures that the trial court had the opportunity to correct its own errors before a party seeks appellate review. *See Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex.Crim.App. 2001). An objection satisfies the specificity requirement by informing the trial judge what the party wants and why the party believes he is entitled to it. *See Lankston v. State*, 827 S.W.2d 907, 909 (Tex.Crim.App. 1992). Furthermore, the objection must be made at a time when the trial court is in a proper position to correct the error. *See id*.

Before A.H. began his testimony, the trial court held a short hearing, outside the jury's presence, to determine the child's competency. The trial judge asked A.H. a number of questions regarding the child's ability to tell the difference between the truth and a lie, and about the child's knowledge and expectations about how the trial would proceed. At the end of the interview, the trial court ruled that A.H. was competent to testify. There is no record that Appellant objected to the trial court's ruling, or to A.H.'s testimony. Therefore, Appellant did not preserve his complaint for appellate review. *See* TEX.R.APP.P. 33.1; *Martinez v. State*, 98 S.W.3d 189, 193 (Tex.Crim.App. 2003). Accordingly, Issue Four is overruled.

Issues One through Three challenge the legal and factual sufficiency of the evidence in support of Appellant's convictions. In a legal sufficiency review, we must consider all of the evidence in a light most favorable to the verdict, and determine whether a reasonable minded

juror could have found the essential elements were proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). We must give deference to "'the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Hooper*, 214 S.W.3d at 13.

In a factual sufficiency review, we consider all the evidence in a neutral light. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex.Crim.App. 2007). Evidence is factually insufficient if: (1) the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust; or (2) the evidence supporting the verdict is outweighed by the great weight and preponderance of contrary evidence, rendering the verdict clearly wrong and manifestly unjust. *Id*. We cannot reverse a conviction under the "clearly wrong" or "manifestly unjust" standards simply because, based on the quantum of evidence admitted, we would have voted to acquit. *Watson v. State*, 204 S.W.3d 404, 417 (Tex.Crim.App. 2006). Nor can we declare that a conflict in the evidence justifies a new trial because we disagree with the jury's resolution of the conflict. *Id*. A new trial will only be granted when the reviewing court determines, on an objective basis, that the great weight and preponderance of the evidence contradicts the jury's verdict. *Id*. In addition, our review should not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility given to witness testimony. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex.Crim.App. 2000); *see also Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006) (factual sufficiency review still requires "due deference" be given to the jury's determinations).

Appellant was convicted for indecency with a child. *See* TEX.PEN.CODE ANN. § 21.11(a) (Vernon 2003). A person commits an offense under Section 21.11(a) if:

[W]ith a child younger than 17 years and not the person's spouse, whether the child is of the same or opposite sex, the person

(1)     engages in sexual contact with the child or causes the child to engage in sexual contact; or

(2)     with intent to arouse or gratify the sexual desire of any person:

   (A)     exposes the person's anus or any part of the person's genitals, knowing the child is present; or

   (B)     causes the child to expose the child's anus or any part of the child's genitals.

TEX.PEN.CODE ANN. § 21.11(a).

The penal code defines "sexual contact" in Section 21.11 as follows:

(c)     In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:

   (1)     any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or

   (2)     any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

TEX.PEN.CODE ANN. § 21.11(c).

In Issue One, Appellant argues that the evidence is legally and factually insufficient to support the jury's determination that he committed indecency with a child by exposing his genitals to A.H., a child, on March 16, 2006. Appellant contends that neither A.H., or either of his parents testified that they witnessed Appellant expose his genitals to the child. However, the record reflects that A.H. was able to describe what Appellant's genitals looked like, and that Appellant had the child touch his erect penis. In addition, Appellant's own statement to the police admitting that he had his "thing" out when A.H.'s stepfather found him in the bathroom

with A.H.  Viewing this evidence in a light most favorable to the verdict, we conclude that the jury could reasonably have concluded that Appellant did expose himself to A.H., and was therefore, guilty of indecency by exposure.  By the same token, taken in a neutral light the evidence is factually sufficient to support the jury's conclusion that Appellant was guilty of the offense.  Accordingly, Issue One is overruled.

In Issue Two, Appellant argues the evidence is legally and factually insufficient to support the jury's determination that Appellant was guilty of indecency with a child by contact because he caused A.H. to expose his anus as alleged in Count II of the indictment.  Appellant contends that the evidence is insufficient to support the jury's determination that Appellant was the person who caused A.H. to expose himself, and that the evidence does not support the jury's finding that Appellant did so intentionally.  Appellant also asserts that the evidence is insufficient to support an affirmative finding that the alleged actions were done for his own sexual gratification.  We disagree.

A.H. testified that he was instructed to undress and climb on the toilet by the family friend who he referred to as "Stephen," who was spending time at his home on March 16, 2006. The child explained that this individual rubbed lotion on his bottom and inserted his fingers in A.H.'s bottom.  Although A.H. was unable or unwilling to identify Appellant in court as his abuser, both his parents identified Appellant as the individual who they discovered in the bathroom with A.H., and as the person who fled from the house after he was discovered with the child.  Furthermore, the combined testimony by A.H. and his parents that Appellant had an erection during the time he was in the bathroom with the child supports the jury's finding that Appellant committed the acts for his own sexual gratification.  Therefore, having viewed the

record both in the light most favorable to the verdict, and in a neutral light, we conclude that the evidence is legally and factually sufficient to support the jury's determination that Appellant was guilty of indecency by causing A.H. to expose his anus. Issue Two is overruled.

In Issue Three, Appellant argues the evidence is legally and factually insufficient to support the jury's determination that Appellant was guilty of indecency with a child because he touched A.H.'s genitals. Appellant contends the verdict cannot stand because it is inconsistent with the jury's decision to acquit Appellant of three other counts involving sexual contact with the child, and because neither of A.H.'s parents witnessed Appellant touching the child's genitals.

Assuming that the jury's decision to hold Appellant not guilty for sexual assault and one count of indecency is inconsistent with Appellant's conviction for the remaining indecency counts, our review is limited to determining whether the evidence is sufficient to support the charge on which the convictions were returned. *See Jackson v. State*, 3 S.W.3d 58, 62 (Tex.App.--Dallas 1999, no pet.). What the jury concluded regarding the remainder of the charge is immaterial to our sufficiency of the evidence review. *See id*.

Appellant admits that A.H. did testify that Appellant put his hand in the child's shorts, and fondled his genitals. A child victim's testimony is sufficient, even without additional evidence, to support a conviction for indecency. *See Perez v. State*, 113 S.W.3d 819, 838 (Tex.App.--Austin 2003, pet. ref'd). As the sole fact finder and judge of witness credibility, the jury was free to believe or disregard any part of the testimony. *See Goodman v. State*, 66 S.W.3d 283, 286 (Tex.Crim.App. 2001). As the reviewing court, we cannot interfere with the jury's resolution of conflicts in the evidence, and we must defer to the jury's credibility determinations.

*See Johnson*, 23 S.W.3d at 7.  Therefore, based on A.H.'s testimony, the evidence was both legally and factually sufficient to support Appellant's conviction for indecency by touching the child's genitals.  Issue Three is overruled.

Having overruled all of Appellants issues, we affirm the conviction.

March 5, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J. (Not Participating)

(Do Not Publish)