**Opinion filed December 18, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00195-CR

_____

**JESSE JOE MENDOZA, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 14226-D**

### M E M O R A N D U M   O P I N I O N

In a multi-count indictment, Appellant, Jesse Joe Mendoza, Jr., was charged with aggravated sexual assault of a child, a first-degree felony (Count One), and indecency with a child by contact, a second-degree felony (Count Two).  TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(ii), (v), (e) (West Supp. 2025), § 21.11(a)(1), (c)(1),

(d) (West 2019).  The jury found Appellant not guilty of aggravated sexual assault of a child but guilty of indecency with a child by contact as charged in Count Two of the indictment, and the trial court assessed his punishment at twelve years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

In his sole issue on appeal, Appellant challenges the sufficiency of the evidence to support his conviction.  We affirm.

## I.  *Factual Background*

The victim of the charged offenses is PSEUDC.[1]  Her first outcry of sexual abuse was against Victor Corpus, her mother's former husband.[2]  After this outcry, PSEUDC's mental health deteriorated, she struggled in school, and over the years she was admitted to various psychiatric facilities for treatment of anxiety, depression, medication abuse and overdoses, hallucinations, self-inflicted injuries, and suicide attempts.

PSEUDC testified that she was four or five when she was first sexually abused by Appellant.  On that occasion, she was alone with Appellant in his pickup while he drove, and he penetrated her mouth with his penis after he told her to "lick it."  However, she did not tell anyone about this incident until several years later when she made her outcry about Victor's acts of sexual abuse.

---

[1]To protect the identities of the child victim and the family members (except for those who were charged and convicted of sexually abusing the child), we refer to the child by the pseudonym as stated in the indictment, and the victim's family members by their initials.  *See* TEX. CONST. art. I, § 30(a)(1); TEX. R. APP. P. 9.10(a)(3).

[2]Victor was convicted of continuous sexual abuse of a child and indecency with a child by contact—PSEUDC was the child victim—and he has appealed his convictions.  *See Corpus v. State*, No. 11-24-00091-CR.

PSEUDC was at Appellant's apartment when the next incident of sexual abuse occurred; she was six. On that date, Appellant asked her to help him retrieve something from a diaper bag that was in his bedroom. Appellant followed her into his bedroom, removed her pants and underwear, positioned her face down on the bed, and attempted to penetrate her anus with his penis.

In July 2018, PSEUDC eventually told her mother about the acts of sexual abuse that Appellant had committed against her; she was thirteen when she made this outcry. PSEUDC was subsequently interviewed about these incidents by the police and a forensic interviewer. Although she had been sexually abused by Victor in similar ways for many years, and despite some inconsistencies in her trial testimony, PSEUDC stated that she was certain it was Appellant who had sexually abused her as she described it at trial.

Detective Robert Collins of the Abilene Police Department investigates crimes against children. He interviewed Appellant on September 18, 2018, while Appellant was incarcerated in the Rufe Jordan Unit in Pampa. At the time, Appellant was serving a ten-year sentence after pleading guilty on October 24, 2013, to the first-degree felony offense of aggravated sexual assault of a child. According to Detective Collins, when asked, Appellant denied ever showing his penis to PSEUDC or engaging in any sexual misconduct with her. At trial, Appellant testified and again denied committing the offenses for which he was charged in this case.

## II. *Standard of Review*

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all

the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Garcia v. State*, 667 S.W.3d 756, 761 (Tex. Crim. App. 2023); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

When conducting a sufficiency review, we consider all the evidence admitted at trial, including evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Brooks*, 323 S.W.3d at 899; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Lee v. State*, 676 S.W.3d 912, 915 (Tex. App.—Eastland 2023, no pet.). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *See* TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007); *Garcia*, 667 S.W.3d at 762 ("[A] reviewing court does not sit as the thirteenth juror and may not substitute its judgment for that of the factfinder by reevaluating the weight and credibility of the evidence."); *Brooks*, 323 S.W.3d at 899; *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). This standard is deferential and accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Garcia*, 667 S.W.3d at 761; *Clayton*, 235 S.W.3d at 778. Thus, if the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Garcia*, 667 S.W.3d at 762; *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012); *Clayton*, 235 S.W.3d at 778.

We treat direct and circumstantial evidence equally under this standard. *Isassi*, 330 S.W.3d at 638; *Ruiz v. State*, 631 S.W.3d 841, 851 (Tex. App.—Eastland

2021, pet. ref'd). The evidence need not directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing the defendant's guilt, and circumstantial evidence, alone, can be sufficient to establish guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). Each fact need not point directly and independently to the defendant's guilt if the cumulative force of all incriminating circumstances is sufficient to support the defendant's conviction. *Hooper*, 214 S.W.3d at 13. Therefore, in evaluating the sufficiency of the evidence, we treat direct and circumstantial evidence the same, and we must consider the cumulative force of all the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017); *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015); *Isassi*, 330 S.W.3d at 638; *Hooper*, 214 S.W.3d at 13.

Finally, we measure the sufficiency of the evidence by the elements of the charged offense as defined by the hypothetically correct charge for the case. *Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016); *see also Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). In this regard, to determine whether the State has met its burden to prove a defendant's guilt beyond a reasonable doubt under the *Jackson* standard, we compare the elements of the offense to the evidence adduced at trial. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik*, 953 S.W.2d at 240). The hypothetically correct charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240.

## III. *Analysis*

In his sole issue, Appellant argues that the evidence is legally insufficient to support his conviction for indecency with a child by contact. Specifically, Appellant contends that (1) the State failed to adduce sufficient evidence to establish the necessary statutory elements of this offense, (2) PSEUDC's testimony was conflicting, and she could not recall details of the alleged sexual abuse committed by Appellant, or distinguish or separate her outcries and the acts of sexual abuse committed upon her by Victor and Appellant, and (3) the jury's verdicts are inconsistent.

As relevant to this case, a person commits the offense of indecency with a child by contact if he touches the anus of a child who is younger than seventeen—regardless of whether he knows the age of the child at the time of the offense—with the intent to arouse or gratify his sexual desire. *See* PENAL § 21.11(a)(1), (c)(1); *Rhodes v. State*, 712 S.W.3d 226, 231 (Tex. App.—Eastland 2025, no pet.). For purposes of this offense, a person acts intentionally "with respect to the nature of his conduct . . . when it is his conscious objective or desire to engage in the conduct." PENAL § 6.03(a) (West 2021).

The required intent is a fact question for the jury to determine and may be inferred from the circumstances surrounding the offense. *Luna v. State*, 687 S.W.3d 79, 93 (Tex. App.—Eastland 2024, pet. ref'd). A jury may infer intent from any facts that tend to prove its existence, including the accused's acts, words, and conduct, and the nature of the injuries sustained by the victim. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002); *Luna*, 687 S.W.3d at 93.

It is well-settled that the uncorroborated testimony of a child victim is, without more, sufficient to support a conviction for a charged sexual offense. CRIM. PROC.

art. 38.07 (West 2023); *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990); *Wishert v. State*, 654 S.W.3d 317, 328 (Tex. App.—Eastland 2022, pet. ref'd); *Chapman v. State*, 349 S.W.3d 241, 245 (Tex. App.—Eastland 2011, pet. ref'd). Further, the child victim's testimony need not be corroborated by medical or physical evidence. *Wishert*, 654 S.W.3d at 328. Thus, PSEUDC's testimony alone can be sufficient to support Appellant's conviction.

Here, the jury could have reasonably inferred and found from the evidence that Appellant committed the offense of indecency with a child by contact as charged in Count Two of the indictment. PSEUDC described how Appellant had sexually abused her—in Appellant's pickup and in his bedroom—and she testified she was certain that Appellant was the perpetrator. Despite Appellant's assertion that PSEUDC's testimony was conflicting, inconsistent, and lacking in critical details, in this case, as in all cases, the jury may believe all, some, or none of any witness's testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); *Reyes v. State*, 465 S.W.3d 801, 805 (Tex. App.—Eastland 2015, pet. ref'd) (citing *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986)); *see Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899. As the trier of fact, it is the jury's duty, as the sole judge of the witnesses' credibility, to weigh and resolve any conflicts in the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319; *Garcia*, 667 S.W.3d at 761–62; *Brooks*, 323 S.W.3d at 899. Therefore, if the evidence supports conflicting inferences, we presume that the jury, as the factfinder, resolved any conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Merritt*, 368 S.W.3d 525–26; *Clayton*, 235 S.W.3d at 778. Moreover, we may not reevaluate the evidence or substitute our judgment for that of the factfinder, which Appellant suggests that we do in this

instance. *Garcia*, 667 S.W.3d at 762; *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018); *Dewberry*, 4 S.W.3d at 740.

Finally, Appellant's argument that his acquittal for Count One creates an "inconsistent verdict" that requires a reversal of his conviction for indecency with a child by contact is equally unavailing. As we recently held, consistent with long-standing precedent, in the criminal context, "the law does not bar inconsistent verdicts." *Miller v. State*, 712 S.W.3d 235, 254 (Tex. App.—Eastland 2025, no pet.) (quoting *Guthrie–Nail v. State*, 506 S.W.3d 1, 6 (Tex. Crim. App. 2015) (citing *United States v. Powell*, 469 U.S. 57, 68–69 (1984); *Dunn v. United States*, 284 U.S. 390, 393 (1932)). "[I]nconsistent verdicts in prosecutions based on the same evidence do not require a reversal on the ground of legal insufficiency." *Id.* (quoting *Thomas v. State*, 352 S.W.3d 95, 101 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (citing *Jackson v. State*, 3 S.W.3d 58, 61 (Tex. App.—Dallas 1999, no pet.))). Rather, and because such a scenario does not imply that the jury convicted a defendant based on insufficient evidence, the result "may simply stem from the jury's desire to be lenient or to execute its own brand of executive clemency." *Id.* (citing *Moranza v. State*, 913 S.W.2d 718, 724 (Tex. App.—Waco 1995, pet. ref'd)). Such is the case here. Because there is sufficient evidence to support Appellant's conviction for indecency with a child by contact, we cannot say that the jury's verdict of acquittal for the aggravated-sexual-assault-of-a-child charge is inconsistent with its guilty verdict for the indecency-with-a-child-by-contact offense.

We have reviewed the cumulative force of all the evidence in the light most favorable to the jury's verdict, as we must, and we conclude that the record contains sufficient evidence from which a rational jury could have logically inferred and found beyond a reasonable doubt that Appellant committed the offense of indecency

with a child by contact as charged in Count Two of the indictment.  Accordingly, we overrule Appellant's sole issue on appeal.

## IV.  *This Court's Ruling*

We affirm the judgment of the trial court.

W. STACY TROTTER

JUSTICE

December 18, 2025

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.